FORTNER v. PHILLIPS.

Opinion delivered June 12, 1916.

WILLS—BEQUEST OF MONEY—"FIFTY DOLLARS EACH AND EVERY MONTH."—
RIGHTS OF CREDITORS OF LEGATEE—TRUST.—S. died, naming her son
as executor and trustee, and directing the executor to "pay over to
my beloved husband, J. P., the sum of $50 each and every month so
long as he shall live." The husband was otherwise insolvent. *Held*,
the husband's creditors could not secure satisfaction of their claims out
of the amount to be paid to the husband.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Sarah Phillips made a will in which she named her son, William James Phillips, as executor and trustee. The will contains, among others, the following provision: "I further direct and instruct that my said executor shall pay over to my beloved husband, James Phillips, the sum of fifty dollars each and every month so long as he shall live."

Appellant recovered a judgment against James Phillips, the beneficiary, and brought this suit in the chancery court, alleging that Phillips, unless restrained, would attempt to sell and transfer his income under the will for the purpose of preventing appellant from levying on the same to satisfy the judgment, and prayed that he be restrained from so doing.

The appellee James Phillips answered and set up as one of his defenses that the amount of the monthly income provided for him under the will was no more than was necessary for his support and that same was not subject to execution.

The cause was heard upon an agreed statement of facts, in which the parties agreed that the sum of $50 per month was necessary for the support of the beneficiary, James Phillips, and that he had no other income than this; that no payments had been made to him under the will.

The court dismissed the complaint for want of equity, and this appeal has been duly prosecuted.

*Carmichael, Brooks, Powers & Rector,* for appellant.

1. An annuity or monthly income for life, by will, is subject to garnishment or other legal process to subject it to the debts of the beneficiary. 79 Ark. 547; 52 *Id.* 547; 50 *Id.* 253; 49 *Id.* 114; 41 *Id.* 249; 63 *Id.* 542; Kirby's Digest, § 3228.

2. The burden was on defendant to show that the income was not subject to execution, etc., and the burden has not been met.

3. The language of the will is insufficient to create a trust or to remove the income from the reach of creditors. 104 Ark. 448.

4. Trusts are liable for debts. 84 Am. St. Rep. 450; 2 Blackf. (Ind.), 198; 2 Ruling Case Law, 16; Tiedeman on Real Prop. (3 ed.), § 374, p. 544; 2 Cyc. 471; 104 Ark. 439-448.

5. A gift of the income for life carries an estate. 90 Me. 463; 84 *Id.* 475; 72 *Id.* 109; 92 *Id.* 184; 9 Mass. 372; 29 *Id.* 47; 39 Atl. 134; 56 N. J. Eq. 251; 193 Pa. 45; 180 *Id.* 127, 215; 105 *Id.* 215, etc.

*Ben D. Brickhouse,* for appellee.

1. By the will a trust fund was created for the support of the husband, which could not be reached by creditors, because the fund was and is only sufficient to cover his necessary expense, there being no surplus. 107 Ark. 535; Tiedeman on Real Prop. (3 ed.), p. 370; Perry on Trusts, 386; 191 Ill. 598; 122 Mo. 341; 166 S. W. 1024; 101 N. Y. S. 1110; 18 L. R. A. 49; 140 N. Y. S. 152; 67 Atl. 474; 80 Conn. 223; 92 Atl. 955; 150 N. Y. S. 673. Phillips had no curtesy or estate of any kind by the will. 104 Ark. 439 was a different case from this. There the will vested the title in the beneficiary.

WOOD, J. (after stating the facts). The language of the clause of the will quoted *supra* does not vest any estate in the appellee James Phillips. No property right

is conferred upon him by this clause in the estate of his deceased wife. The clause merely directs that the executor and trustee, William James Phillips, shall pay to appellee the above sum. The entire estate, real and personal, is devised and bequeathed to William James Phillips and the other devisees and legatees named in the will, but no estate whatever is vested or created in appellee James Phillips. No estate in his property is even vested in William James Phillips.

It will be observed that the testatrix does not bequeath to her husband, James Phillips, the sum of $50 out of her estate and direct her executor and trustee to pay the same, nor does the will in express terms devise and bequeath any real estate or personal property to the executor and trustee in trust charged with the payment of the sum of $50 per month to appellee James Phillips out of such estate or funds. The language of the clause is peculiar in that it does not express the purpose that the testatrix had in mind in directing the monthly payments of $50 to her husband so long as he shall live. It is shown however by the agreed statement of facts that the purpose of the testatrix was to provide $50 per month for the support of her husband, and that this sum was necessary; that he had no other income and that it would take the entire sum for his support.

The language of the will must be construed in the light of this agreed statement. The fact that the testatrix designates her son, William James Phillips, as executor and trustee and directs him to pay the sum of $50 per month to her beloved husband, James Phillips, as long as he lived showed her intention to create a trust in favor of her husband out of the property devised and bequeathed to her son. In other words, the property going to him under the will was burdened with the trust of paying to the extent of $50 per month for the specific purpose of the support of the appellee James Phillips.

Says Mr. Perry: "But a trust may be so created that no interest vests in the *cestui que trust;* consequently, such interest cannot be alienated, as where property is

given to trustees to be applied in their discretion to the use of a third person, no interest goes to the third person until the trustees have exercised this discretion. So if property is given to trustees to be applied by them to the support of the *cestui que trust* and his family, or to be paid over to the *cestui que trust* for the support of himself and the education and maintenance of his children. In short, if a trust is created for a specific purpose, and is so limited that it is not repugnant to the rule against perpetuities and is in other respects legal, neither the trustees, nor the *cestui que trust,* nor his creditors or assigns, can divest the property from the appointed purposes." 1 Perry on Trusts, sec. 386 (a), pp. 632, 633, and cases cited.

In *Robertson* v. *Schard,* 119 N. W. 529-531, it is said: "The wife is under no obligation to give or devise to an insolvent husband her own estate when she knows that it will be immediately absorbed by his creditors, and if she can construct a trust from which he may derive some benefit, without vesting him with an estate or interest which is subject to levy, or other legal process, at the suit of such creditors, and thereby makes sure that he will not become an object of public charity, there is no good reason in law or morals why she should not be allowed to do so." Citing cases.

The above is the doctrine applicable to the undisputed facts of this record. Since it would require all of the monthly stipend to support appellee James Phillips, the money in contemplation of the will, has been expended before it is paid over to him and there are no accumulations in his hands which creditors can reach. See 18 L. R. A. (Miss.) 49.

Nothing that is said in *Booe* v. *Vinson,* 104 Ark. 439, is contrary to the doctrine here announced. In that case the clause of the will was "all my estate, real, personal and mixed, I give and bequeath to my aunt," etc. Thus the will vested the title to the estate in the beneficiary. But in that case we quoted from *Wenzel* v. *Powder,* 100 Md. 39, 59 Atl. 195, 108 Am. St. Rep. 380, the American

rule, as follows: "But in this country the Supreme Court of the United States, the court of last resort in some states, and this court, have, after full consideration determined that the power of alienation is not a necessary incident to an equitable estate for life, and that the owner of the property may so dispose of it as to secure the enjoyment by the beneficiary without making it alienable by him or liable for his debts.

The agreed statement of facts shows that such was the intention of the testatrix by the clause of the will under review.

The decree 'is correct and it is affirmed.