BOWLIN *v.* CITIZENS BANK & TRUST COMPANY.

Opinion delivered November 5, 1917.

1. MERGER OF ESTATE—SPENDTHRIFT TRUST.—Equity will not recognize a merger, even where there is a union of legal and equitable estates in the same person, if the effect of such merger is to destroy a valid trust, and to defeat the will of the party creating the trust.

2. TRUSTS—SPENDTHRIFT TRUST.—Spendthrift trusts declared valid.

3. TRUSTS—SPENDTHRIFT TRUST—MERGER OF ESTATES IN CESTUI QUE TRUST.—Where a testator created a valid spendthrift trust in favor of his son, equity will not permit the testator's intention to be defeated, by a merger of the life estate and remainder in the said cestui que trust.

Appeal from Crawford Chancery Court; *W. A. Falconer,* Chancellor; affirmed.

*Wear & London* and *Starbird & Starbird,* for appellants.

1. A trust can not be attached to a full estate. It can not be attached to a greater one than a life estate. There must be a preceding estate. By purchasing the remainder, appellants became the owners of the full legal title, and the life estate was extinguished and merged and the trust terminated under the doctrine of merger of estates and acceleration of remainders. 16 Cyc. 665; 5 Words & Phr. 4492-3, 70 S. W. 414; 1 Jones on Mortg. (4 Ed.), § 848. The remainder here was vested and as such could be and was conveyed. 38 S. W. 1061. Merger destroyed the life estate and accelerated the remainder. 16 Cyc. 651; 25 Atl. 1087; 28 S. E. 583; 81 S. W. 874; 70 *Id.* 414-17. See also 71 Mo. 642; 146 Mass. 395; 15 R. I. 549; Underhill on Torts (Am. Ed.)

370; 15 N. E. 786; 4 Am. St. 320; 10 Atl. 589; 217 Ill. 434; 141 U. S. 315.

*Southmayd & Southmayd,* for appellee.

1. A spendthrift trust was created and as such is valid in this State. 91 U. S. 716; 66 Ark. 153; 104 *Id.* 439; 124 *Id.* 395. See also 244 Ill. 101, 18 Ann. Cas. 490; 189 S. W. 1186; 94 Kan. 654; 146 Pac. 1030.

2. A spendthrift trust is not contrary to law nor against public policy. 73 N. E. 1051.

3. The intentions of the testator clearly manifested in the will will be carried out and can not be defeated by the voluntary acts of the beneficiaries. The cases cited by appellants do not apply. 262 Ill. 308; 104 N. E. 659; Ann. Cases, 1915 B. 720; 181 N. Y. 39; 73 N. E. 498; 229 U. S. 90; 33 U. S. C. Rep. 686; 133 Mass. 170; 168 Ky. 847; 9 Am. St. Rep. 358; 191 S. W. 994. There was no merger or acceleration of remainders by the purchase. The will of the testator will be carried out, and the demurrer was properly sustained.

*T. J. Wear,* for appellants in reply.

1. This is purely a question of law. By purchasing the remainder a *merger* was created and the life tenants acquired the full absolute title. The trust terminated. 262 Ill. 308; 36 Am. & Eng. Ann Cases 720; 104 N. E. 659; 91 Atl. 503; 90 Mo. App. 650; Underhill on Trusts 370-5, 13 and cases cited; Hill on Trustees 278; Tiffany & Bullard Trusts & Tr. 815-16.

2. The trustee had no title. 39 Cyc. 19; 16 *Id.* 656; 123 S. W. 1162-8; 39 Cyc. 203; 34 Ala. 150; 4 S. W. 8, 10.

3. The cases cited by appellee are not in point. The will and its purposes are not defeated by the merger. Merger applies even to spendthrift trusts. But such are not valid in Arkansas. 8 Ark. 153. It follows the English rule. 3 Ann. Cases 589; 79 Ky. 5; 14 N. Y. 41; 186 *Id.* 339; 78 N. E. 1074; 217 Ill. 434; 141 U. S. 315; Underhill on Wills, 649, § 491.

4. There is a difference between a vested and a contingent remainder. 20 A. & E. Enc. L. (1 Ed.) 840; 16 Cyc. 650-1. A vested remainder may be conveyed by deed. 16 Cyc. 652-3; Underhill on Wills, 1333. The law of merger is based upon the acceleration of remainders. 1 C. J. 377; 16 Cyc. 651; 40 *Id.* 2091; 55 Atl. 679; 35 L. R. A. (N. S.) 153; 17 Am. Rep. 617; 30 A. & E. Ann. Cases 414, 421  Here there was a merger. 25 Atl. 1087; 2 Chester Co. Rep. 410; 25 Atl. 76; 70 S. W. 414; 7 L. R. A. (N. S.) 1119; 16 Cyc 648, 652.

5. All interested parties are *sui juris* and satisfied. Jarman on Wills (6 Ed.) 484. The demurrer should have been overruled.

HUMPHREYS, J.  Appellants brought suit against appellee, as trustee for John Bowlin and Mattie Bowlin, and as executor of the last will of William Bowlin, deceased, in the Crawford chancery court, to terminate a trust and recover the trust fund amounting in round numbers to $22,000.

A demurrer to the bill was sustained. Appellants refused to plead further and the bill was dismissed for want of equity. From the decree dismissing the bill, an appeal has been prosecuted to this court.

The alleged trust was created by the eighth clause of the last will of William Bowlin, deceased, which is as follows, towit:

"I give and bequeath unto the Citizens Bank & Trust Co., of Van Buren, Ark., as trustee for John Bowlin and Mattie Bowlin, his wife, the one-seventh part of the remainder of my personal property after paying my debts and funeral expenses and the legacies hereinbefore set forth in articles three and six more particular set forth in article seven of this will, upon the trust that said trustee shall invest the same in its name as trustee in any manner proper for a trust that it may yield the greatest income, with power from time to time to vary and change such investments, and the income thereof upon such trust fund shall be paid by my said trustee quarterly the one-half thereof to my said John Bowlin and

the one-half thereof to his wife Mattie Bowlin, during
their natural lives, provided that if the said Mattie Bowlin
shall survive her husband John Bowlin and remain a
widow, and if the said Mattie Bowlin shall survive the
said John Bowlin and marry again, that this shall imme-
diately cease and determine upon the happening of that
event, that upon the death of either the said John and
Mattie Bowlin the one-half of said income shall be paid
to Marcus L. Bowlin, Paul C. Bowlin, Othel Bowlin, and
Maud E. Campbell, children and their heirs or the sur-
vivor of them until the final determination of this trust
as hereafter provided. That upon the death of John and
Mattie Bowlin or the marriage of Mattie Bowlin should
she survive her husband John Bowlin, this trust shall
immediately cease and determine and the trust fund with
any income that may have accrued at the time I give and
bequeath unto the said Marcus Bowlin, Paul C. Bowlin,
Othel Bowlin, and Maud E. Campbell and their heirs
share and share alike or their survivors in the event that
either of said legatees should not survive the determina-
tion of this trust and die without issue of their bodies. 'I
further direct that this trust shall be without power of
anticipation of such income by way of assignment charge
or otherwise by the said beneficiaries. It is not that I
have any less affection for my son John than my other
children that I make this provision in my will for him,
but to provide a stated income for him and his wife and
relieve him of the care and charge of an estate which I
fear that he would not be able to properly care and man-
age.''

John Bowlin and Mattie Bowlin, *cestuis que trust* of
the life estate in said property, acquired the remainder
interest therein from the remaindermen all of whom were,
at the time, *sui juris*.

Appellants contend that under the doctrine of mer-
ger of estates and acceleration of remainders, the trust
was terminated when the beneficiaries of the life estate
acquired the interest of the remaindermen. As a gen-
eral rule this is true when the estates, both legal and

equitable, unite in the same person, but otherwise, if the merger is held in abeyance by the clear intent or purpose of the trust. What is characterized in law as a spendthrift trust usually acts as a barrier and prevents merger. It seems that equity will not recognize a merger, even where there is a union of legal and equitable estates in the same person, if contrary to the intention of the parties if the effect would be to destroy a valid trust. 39 Cyc. 246; *In Re Moore's Estate,* 48 Atl. 884, (Pa. St.); 2 Washburn on Real Estate (6 Ed.), section 1484; *Evansville Gas Light Co.* v. *State,* 73 Ind. 222; *Watson* v. *Dundee Mortgage & Trust Investment Co.,* 8 Pac. 548 (Ore.); *Asch* v. *Asch,* 21 N. E. 70 (N. Y.); *Mason* v. *Rhode Island Hospital Trust Co.,* 78 Conn. 81.

The soundness then of appellants' contention must depend upon whether spendthrift trusts are valid in Arkansas, and if valid, whether a spendthrift trust was created by the terms of the section of the will quoted above. The English doctrine condemns and the American doctrine upholds spendthrift trusts. *Nichols, Assignee* v. *Eaton et al.,* 91 U. S. 716.

It is a mooted question in this State. Being a question of first impression here, the court adopts the American doctrine both upon reason and because the American doctrine is supported by the increasing weight of authority. This court said in the well considered case of *Booe* v. *Vinson,* 104 Ark. 439, that, "Although it is intimated in *Honnett* v. *Williams,* 66 Ark. 153, that such a trust can not be created or exist in this State, the increasing weight of authority in America favors the contrary rule." It may be noted also that the distinguished jurist, in rendering the opinion in *Honnett* v. *Williams, supra,* reserved the question for future consideration. It was unnecessary to decide the question in *Booe* v. *Vinson* for the reason that no restriction was placed upon the *cestuis* by the testator in the disposition of the income from the life estate. This court has jealously protected the free and unlimited right of a person in sound mind and otherwise competent to dispose of his property ac-

cording to his pleasure, unless in contravention of some statute or the well established rule against perpetuities. *Fortner* v. *Phillips,* 124 Ark. 395.

There is no misconstruing the intent of the testator in the instant case. The language of the eighth clause is direct and unambiguous. By the very wording, the legal title and the absolute control of the property passed to the trustee for the sole purpose of creating, by use and investment, a permanent income for the maintenance of the testator's son during life, and his daughter-in-law so long as she remained the wife or widow of his son. The testator assigned as a reason for creating the trust, the inability of his son to care for and manage the estate. In the fear that his son might resort to some method of defeating his purpose, he provided against the anticipation of the income *in any manner.* He evidenced his intention most clearly by creating a *stated* income. His purpose was to impound the *corpus* of the estate in such way that the *cestuis* should not receive it, or even the income therefrom, except at certain and reasonable intervals. All power of alienation of the trust fund was withheld from the *cestuis.* By the bequest appellants acquired no vested estate therein. Every essential necessary to create a spendthrift trust is present in the devise.

Having subscribed to the American doctrine upholding spendthrift trusts, and the intention of the testator being manifest to create such a trust for the protection of the *cestuis* against improvidence and incapacity, which trust is not contrary to law or public policy, and being convinced the doctrine of merger of estates can not operate to destroy a valid spendthrift trust, the decree of the learned chancellor is affirmed.