TUTTLE, Circuit Judge:
 

 The bankrupt appeals from the denial by the bankruptcy judge, affirmed by the district court, of his claim that three qualified trusts under the Keogh plan
 
 [1]
 
 are exempt from the claims of his creditors.
 

 The parties do not dispute the facts. The bankrupt was a doctor who was self-employed who had contributed sums totalling $13,481 to his own retirement plan. Each of the plans contained a Keogh plan statutory trust which provided that the benefits of the trust might not be assigned nor alienated. This provision stated:
 

 The benefits provided hereunder shall not be subject to alienation, assignment, garnishment, attachment, execution or levy of any kind, and any attempts to cause such benefits to be so subjected shall not be recognized except to such extent as may be required by law.
 

 The funds were intact, no benefits having been drawn from them by the beneficiary up to the date of bankruptcy.
 

 The bankruptcy judge concluded that the spendthrift trust provisions would have protected an employee bankrupt if he had been employed by a person other than himself, but that since the employee was also the employer, nothing in the spendthrift trust provisions protecting the employee provided any protection for the bankrupt as settlor of the trust and that it was as employer that the trustee in bankruptcy resisted the claim that the funds should be exempt. This judgment of the bankruptcy judge was affirmed by the trial court and this appeal followed.
 

 Appellant’s argument is based primarily upon what he claims to have been the policy of Congress in setting up the Keogh retirement plans — that is, that Congress established a policy to assist professional persons and others who are self-employed to ameliorate the conditions in their senior years by having protected retirement funds available for their use.
 

 The trustee, on the other hand, contends that the spendthrift trust created by a set-tlor for himself as
 
 c’estui
 
 or beneficiary is void as against the settlor’s creditors. He points to the fact that under these plans, either the settlor or the beneficiary, they being of course the same person, could withdraw these funds and thus become sub
 
 *663
 
 ject only to a tax penalty because the plans would thus no longer be qualified under the Internal Revenue laws.
 

 This Court has held that where no other provision is contained in a federal statute dealing with exemptions, state law governs under Section 6 of the Bankruptcy Act:
 

 Under the Bankruptcy Act, exemptions allowed by state law are preserved in bankruptcy for the residents of respective states. 11 U.S.C.A. § 24. State laws creating exemptions control as to the kind and amount of property which is exempt. 1 Collier, Bankruptcy, Section 6.13 at 861-63 (14 ed. 1969). In applying the exemption laws of a state the Federal Courts follow the construction placed thereon by the courts of the state.
 
 Phillips v. C. Palomo & Sons,
 
 270 F.2d 791 (5th Cir. 1959).
 

 Williams v. Wirt,
 
 423 F.2d 761 (5 Cir. 1970).
 

 The plans with which we are concerned created what has been recognized in Florida as a spendthrift trust:
 

 A spendthrift trust is one that is created with the view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self protection.
 
 Croom v. Ocala Plumbing & Electric Co.,
 
 62 Fla. 460, 57 So. 243. The typical spendthrift trust is one in which the life cestui’s right to recover income is inalienable, either by his own act or that of his creditors, during all or a part of the life of the beneficiary. See Bogert, Trusts and Trustees, V.J. Sec. 222, p. 715; Griswold, Spendthrift Trusts, Sec. 1, p. 3; Scott on Trust, V. 1, Sec. 152, p. 744.
 

 Waterbury v. Munn,
 
 159 Fla. 754, 32 So.2d 603 at 605.
 

 While the parties cite no Florida cases for the proposition, we are satisfied that under the common law of trusts, the law is as stated by Professor Bogert in the same work which was cited in
 
 Waterbury:
 

 If a settlor creates a trust for his own. benefits and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interests under the trust.
 

 Bogert,
 
 Trusts and Trustees,
 
 2d ed. § 223, pp. 438, 439.
 

 There is, of course, a strong public policy that will prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors. Many states have enacted statutes which give effect to this policy.
 
 See
 
 fn. to text, Bogert at pp. 438-439. We find no Congressional policy that would counter the common law principle. If Congress had intended such Keogh plans to be exempt from attachment for the debts of the employer-settlor, it could easily have said so.
 
 Cf.
 
 38 U.S.C. § 3101(a) which states that certain veterans’ benefits “shall be exempt from the claims of creditors.”
 

 We are satisfied that the bankruptcy court correctly held these Keogh funds to be property which passed to the trustee and that they were not exempt under any provisions of the bankruptcy laws.
 

 The judgment is AFFIRMED.
 

 [1]
 

 . The so-called Keogh retirement plans were established under and in accordance with 26 U.S.C. Ann. § 401 et
 
 seq.