Anna COTHAM, Executrix of the Estate of Calvin E. Cotham; et al. *v.* FIRST NATIONAL BANK OF HOT SPRINGS and Richard COX, Guardian ad Litem for the Minor and Unborn Heirs at Law of Calvin T. Cotham

84-243                                              697 S.W.2d 101

Supreme Court of Arkansas
Opinion delivered October 14, 1985
[Rehearing denied November 12, 1985.*]

*Hoover, Jacobs & Storey*, by: *Victor A. Fleming*, for

---

\* Purtle, J., not participating.

appellant.

*Cox & MacPhee*, by: *Richard L. Cox*, for appellee.

ROBERT H. DUDLEY, Justice. Calvin T. Cotham created a testamentary trust. After his death his son, Calvin E. Cotham, and one of his granddaughters, Anna Cotham, filed suit against the trustee and the other granddaughter and grandson alleging that the trust violated the rule against perpetuities. The trust provides a lifetime income of $300.00 per month for the son, and at his death, $100.00 per month to each of three named grandchildren. At the death of the first grandchild, the trust provides that the deceased grandchild's share is to be divided equally among the surviving sisters or sister or brother, or the survivor of them. The Chancellor held that the interests created under the will did not violate the rule against perpetuities. That decision was appealed to this Court. The two grandchildren who originally had been defendants then joined as appellants in requesting that the trust be voided. The son, Calvin E. Cotham died, and his estate, the three grandchildren, and the trustee settled the case, conditioned upon approval by the Chancery Court. The case was remanded, and a guardian ad litem was appointed for the minor and unborn heirs of the testator. The guardian ad litem opposed the proposed settlement. The Chancellor refused to approve the settlement and again the case is on appeal to this Court. Appellants contend that the trust violates the rule against perpetuities, that the trust was terminable upon agreement of the parties, and that the Chancellor abused his discretion in refusing to approve the settlement. The points of appeal are without merit. We affirm the holding of the Chancellor.

The rule against perpetuities provides that interests which are subject to the rule must vest within a period measured by a life or lives in being plus twenty-one years. *Comstock* v. *Smith*, 255 Ark. 564, 501 S.W.2d 617 (1973). The trust at issue does not violate the rule because the trust will vest within lives in being plus twenty-one years.

Paragraphs four, five, and six of the will establish trust funds for the three grandchildren, Joseph C. Cotham, Carolyn Cotham, and Anna Cotham. Those paragraphs are:

FOURTH: I give and bequeath the sum of seven

thousand dollars to The Arkansas National Bank of Hot Springs, Hot Springs, Arkansas, to have and to hold the same in trust, as trustee for my grandson, Joseph Conrad Cotham, El Cajon, California, for the uses and purposes, and with the powers and duties following:

The trustee shall have full power and authority to manage and control the trust estate, and to sell, exchange, lease, grant options, rent, mortgage, pledge, assign, transfer or otherwise dispose of all or any part thereof, upon such terms and conditions as it may see fit, and it may invest and reinvest shares or participations in any common fund, bonds, notes, securities or other property, whether of the class or kind now or hereafter ordinarily approved or held to be lawful for the investment of trust funds or not, as it may in its absolute discretion select, and it may make and change such investments from time to time according to its discretion.

This trust is for a college education for my grandson and the trustee shall give to him the necessary funds for his college education as they are needed. If my grandson does not desire to go to college, then the trustee shall give him one-half of the trust fund when he reaches the age of twenty-five years, and shall give him the balance of the trust fund when he reaches the age of thirty years. If he should die before the trust fund is exhausted, then the trustee shall pay the balance of the trust fund to his sisters herein named, equally, each to share and share alike, or either of the survivor of them.

FIVE: I give and bequeath the sum of seven thousand dollars to The Arkansas National Bank of Hot Springs, Hot Springs, Arkansas, to have and to hold the same in trust as trustee, for my granddaughter, Mrs. Carolyn Cotham Sanders, El Cajon, California, for the uses and purposes, and with the powers and duties following:

The trustee shall have the same power and authority as in the fourth paragraph.

The trustee shall pay the sum of seventy-five dollars each month to Mrs. Carolyn Cotham Sanders until the

trust fund is exhausted. If she should die before the trust fund is exhausted, then the trustee shall pay the balance of the trust fund to her sister and brother herein named, equally, each to share and share alike, or either of the survivor of them.

SIXTH: I give and bequeath the sum of seven thousand dollars to The Arkansas National Bank of Hot Springs, Hot Springs, Arkansas, to have and to hold the same in trust as trustee, for my granddaughter, Ann Marie Cotham, Albuquerque, New Mexico, for the uses and purposes, and with the powers and duties following:

The trustee shall have the same power and authority as in the fourth paragraph.

The trustee shall pay the sum of fifty dollars each month to Anna Marie Cotham until the trust fund is exhausted. If she should die before the trust fund is exhausted, then the trustee shall pay the balance of the trust fund to her surviving sister and brother herein named, equally, each to share and share alike, or either of the survivor of them.

Paragraph seven establishes the residuary trust. In it, the residue is devised to the trustee to hold in trust and to pay the sum of $300.00 each month to the testator's son, Calvin E. Cotham. It further provides that if the son dies before the trust fund is exhausted, the trustee is to pay $100.00 each month to each of the "aforesaid grandchildren." The paragraph ends by directing that if either of the grandchildren should die, then that grandchild's share shall be paid to its surviving sisters or sister or brother. The language of the will does not provide for any other grandchildren who might be born. Paragraph seven quoted in full is as follows:

SEVENTH: All of the rest, residue and remainder of my estate, real or personal property, I give, bequeath and devise to The Arkansas National Bank of Hot Springs, Hot Springs, Arkansas, to have and to hold the same in trust, as trustee for my son, Calvin Everett Cotham, Albuquerque, New Mexico, for the use and purposes, and with the powers and duties following:

The trustee shall have the same power and authority

as in the fourth paragraph.

The trustee shall pay the sum of three hundred dollars each month to Calvin Everett Cotham, until the trust fund is exhausted. If he should die before the trust fund is exhausted, then the trustee shall pay the sum of one hundred dollars each month to each of my aforesaid grandchildren until the trust fund is exhausted. If either of the grandchildren should die, then the payment of its share shall be made to its surviving sisters or sister or brother, equally, each to share and share alike, or either of the survivor of them.

The paragraph makes no provision for anyone other than the son, Calvin E. Cotham, and the "aforesaid grandchildren" who are named in the preceeding quoted paragraphs. Calvin E. Cotham is now deceased. Consequently, the trust will end upon the death of the last survivor of the three named grandchildren, and the remaining assets, if any, will be distributed. Thus, the trust vests within lives in being plus twenty-one years and does not violate the rule against perpetuities.

Appellants next argue that the trust is terminable by the court on the agreement of the beneficiaries. The argument is also without merit.

The trust is a spendthrift trust. In *Bowlin* v. *Citizens' Bank & Trust Co.*, 131 Ark. 97, 198 S.W. 288, 2 A.L.R. 575 (1917), we first recognized the right of a testator to create a spendthrift trust. We determined that trust to be a spendthrift trust because:

[the testator] provided against the anticipation of the income *in any manner.* He evidenced his intention most clearly by creating a *stated* income. His purpose was to impound the *corpus* of the estate in such way that the *cestuis* should not receive it, or even the income therefrom, except at certain and reasonable intervals. All power of alienation of the trust was withheld from the *cestuis.*

Similarly, in *Clemenson* v. *Rebsamen*, 205 Ark. 123, 168 S.W.2d 195 (1943), we said a spendthrift trust was created when legal title and absolute control of the corpus passes to the trustee for the purpose of creating an income for the beneficiary, and, by the terms of the trust, the beneficiary is only entitled to

some stated income for life or a term of years, and the beneficiary does not have the right to voluntarily or involuntarily alienate his interest.

In the instant case, the power of the trustee is set out in paragraph four of the will:

> The trustee shall have full power and authority to manage and control the trust estate, and to sell, exchange, lease, grant options, rent, mortgage, pledge, assign, transfer or otherwise dispose of all or any part thereof, upon such terms and conditions as it may see fit, and it may invest and reinvest shares or participation in any common fund, bonds, notes, securities or other property, whether of the class or kind now or hereafter ordinarily approved or held to be lawful for the investment of trust funds or not, as it may in its absolute discretion select, and it may make and change such investments from time to time according to its discretion.

The provision setting out the entitlement to monthly incomes in paragraph seven has previously been quoted in full. The disabling restraint against both voluntary and involuntary alienation is contained in paragraph eight:

> EIGHTH: I direct that the interests of the beneficiaries of any and all trusts hereunder shall not be subject or liable in any manner to or for their or any of their anticipations, assignments, sales, pledges, debts, contracts, engagements or liabilities, or subject or liable to attachment, execution or sequestrations under any legal, equitable or other process.

Thus, the legal title and absolute control of the corpus of the trust passed to the trustee for the sole purpose of providing a fixed monthly income. The testator's purpose was to impound the corpus of the trust in such a way that the beneficiaries could not receive it, except at monthly intervals in fixed amounts. All power of alienation was withheld from the beneficiaries. Every element necessary to create a spendthrift trust is present.

Since the continuance of the spendthrift trust is necessary to carry out the testator's purpose, the beneficiaries cannot

compel its termination. *Bowlin* v. *Citizens' Bank & Trust Co., supra. Clemenson* v. *Rebsamen, supra.*

We find it unnecessary to address the other arguments. The decision of the Chancellor is affirmed.

PURTLE, J., not participating.