HALLIBURTON COMPANY v. E.H. OWEN FAMILY TRUST

CA 88-259                                                773 S.W.2d 453

Court of Appeals of Arkansas
En Banc
Opinion delivered July 5, 1989
[Rehearing denied August 16, 1989.*]

*Cracraft, J., would grant rehearing.

*Kinard, Crane & Butler, P.A.*, for appellant.

*Bill F. Jennings*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, Halliburton Company, appeals a decision of the Columbia County Chancery Court holding that certain conveyances made by E.H. Owen, individually, into the E.H. Owen Family Trust were void as to appellant. On appeal, as at trial, appellant contends that the trust was

fraudulent, illusory, and created for an illegal purpose; therefore, the entire trust should have been declared void.

As stated by the chancellor in his letter opinion, the basic facts are as follows:

> E.H. Owen is an individual who has been in the oil and gas business for many years. He has for some time conducted his business as Owen Drilling Company, Inc., a corporation, of which he is the principal stockholder and officer. For many years as an oil and gas producer, the business engaged the services of Halliburton Company, the plaintiff. Plaintiff provides services which are required in the drilling and producing of oil and gas wells.
>
> On March 10, 1982, E.H. Owen executed a document entitled Letter of Guaranty whereby he agreed to be liable for indebtedness of Owen Drilling Company, Inc. to plaintiff for a sum not to exceed $125,000.00. In the fall of 1984 Owen Drilling Company, Inc. was indebted to plaintiff in the sum of approximately $150,000.00. By trust agreement dated December 1, 1984, and declared by its terms to be effective October 1, 1984, E.H. Owen as trustor, joined by his wife Bobbie Jean Owen, created the E.H. Owen Family Trust. E.H. Owen and Bill F. Jennings, his attorney, were named trustees and E.H. Owen or his designee was named beneficiary of the income produced by assets of the trust. The trust itself contained words of conveyance whereby certain working interests in producing oil wells were conveyed to the trust. The trust further provided that in the event of the death of E.H. Owen, income generated by the trust would be then paid to the wife of E.H. Owen and his daughter, Gina Gaye Owen.
> . . .
>
> . . . On October 17, 1985, Owen Drilling Company, Inc. and E.H. Owen personally executed and delivered to plaintiff a promissory note in the principal sum of $149,807.70 which evidenced indebtedness to plaintiff. Subsequently, suit was brought against the corporation and E.H. Owen and judgment granted to plaintiff. The judgment was against Owen Drilling Company, Inc. and E.H. Owen individually, jointly and severally.

Efforts of appellants to collect the judgment proved fruitless as neither the corporation nor E.H. Owen had sufficient assets available to satisfy the judgment. Consequently, appellant filed this suit asking that the E.H. Owen Family Trust be declared void.

By his letter opinion the judge held that the trust document did nothing to alter control over the assets which E.H. Owen enjoyed prior to the creation of the trust; that Owen had total power as trustor to remove the trustees at any time; that under Ark. Code Ann. § 4-59-203 (1987), paragraph 1 of the trust agreement dated December 1, 1984, between E.H. Owen as trustor and Bill F. Jennings and E.H. Owens as trustees, which purports to convey to the trustees certain property rights, was void as to appellant; and that the assignments from E.H. Owen and wife, attached as exhibits to the trust agreement and declared to be effective as of October 1, 1984, were also void.

On March 16, 1988, an order was entered stating the matter had been heard and findings made. In pertinent part, those findings and the court's orders were:

## XVII.

That the actions of E.H. Owen herein was a conveyance in trust for the use of the person so making the conveyance and that Halliburton Company was a creditor existing at the time of such conveyance.

## XVIII.

That the actions of E.H. Owen and Owen Drilling Company, Inc., are in violation of Arkansas [Code] Annotated 4-59-203 and therefore void.

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the trust agreement dated December 1, 1984, between E.H. Owen as Trustor, joined by his wife, Bobbie Jean Owen, and Bill F. Jennings and E.H. Owen as trustees, is void as to Halliburton Company.

IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED that the assignments from E.H. Owen and wife attached as exhibits to the trust and declared to be

effective on October 1, 1984, are void as to Halliburton Company and are subject to all means of execution and garnishment herein.

Two Certificates of Levy were filed in this case on April 8, 1988. They certified that on March 28, 1988, E.H. Owen, individually, and as agent for Owen Drilling Company, Inc., and as trustee for the E.H. Owen Family Trust, was served with a writ of execution by the sheriff of Columbia County upon a circuit court judgment for $194,968.61, which levied on 34 separate and described properties in LaFayette County, Arkansas, and 2 properties in Miller County, Arkansas.

On April 13, 1988, another order was entered which provided in part:

## AMENDED ORDER

Now on this 30th day of March, 1988, comes on for hearing the petition of the defendant for an amendment to the Order previously entered on March 16, 1988, . . . the Court doth find:

### I.

That the Court did enter its original order on March 16, 1988, after hearing the petition pursuant to an order of this Court for trial.

### II.

That the Defendant, E.H. Owen Family Trust, did on November 25, 1987, deliver to the Plaintiff's attorney and the Court a pleading styled Response to Petition, which pleading was in effect an amendment to the answer to the complaint filed herein but which answer was inadvertently not filed until February 17, 1988.

### III.

That Plaintiff agrees that the answer delivered to it on November 25, 1987, and which was filed with this Court on the date of the hearing herein, is an effective answer and should be considered the same by the Court.

## IV.

That this is the date regularly set for the trial of this matter.

The findings of fact and conclusions of law which follow in the amended order are identical to those stated in the original order. The amended order then concludes:

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the Court in a Letter Opinion dated March 14, 1988, did make findings of facts and conclusions of law in the above styled case, which Letter Opinion is included herein and made a part of this Order as if set out word for word.

IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED that the assignments from E.H. Owen and wife attached as exhibits to the trust and declared to be effective on October 1, 1984, are void as to Halliburton Company and are subject to all means of execution and garnishment herein.

The record contains no further explanation for the amended order which, as we read it, deletes the first holding in paragraph XVIII of the March 16, 1988, order that held the trust agreement itself was void. Thus the amended order holds only the assignments to the trust void and apparently shields all property acquired by the trust subsequent to December 1, 1984, from appellant's judgment.

A trust is a fiduciary relationship in which one person is the holder of the title to property subject to an equitable obligation to keep or use the property for the benefit of another. The settlor (trustor) of a trust is the person who intentionally causes the trust to come into existence. The trustee is the person who holds title for the benefit of another. G.T. Bogert, *Trusts*, § 1 (1987). In the absence of direction to the contrary by the trustor or by statute, the interest of a beneficiary of a trust is available to the beneficiary's creditors for payment of his debts. Bogert, *supra*, § 39. However, a clause, known as a spendthrift clause, may be inserted into the trust agreement which provides that the beneficiary is unable to transfer his right to future payments of

income or capital and his creditors are unable to subject the beneficiary's interest in the trust to the payment of their claims. Bogert, *supra*, § 40. In *Pool, Trustee* v. *Cross County Bank*, 199 Ark. 144, 133 S.W.2d 19 (1939), the court defined a spendthrift trust in these words:

> Section 923 (p. 557) of Jones on Arkansas Titles reads as follows:

> "A spendthrift trust is one created to provide support for designated beneficiary and to guard against his improvidence. It impounds the *corpus* of testator's estate in such a way that the *cestui* cannot receive it, or even the income therefrom except at certain intervals. All power of alienation of the trust fund is withheld from the *cestui*. . . . It is also protected against his creditors. . . . as is the income, . . . No merger of life estate and remainder will defeat the trust. *Cestui* acquires no vested estate, but title and absolute control pass to trustee. Such trusts are valid in Arkansas, though not in England and certain states."

199 Ark. at 149-50 (citations omitted). The Arkansas Supreme Court specifically established the validity of spendthrift trusts in *Bowlin* v. *Citizens Bank & Trust Co.*, 131 Ark. 97, 198 S.W. 288 (1917), where it rejected the English doctrine condemning spendthrift trusts and adopted the American doctrine upholding them "both upon reason and because the American doctrine is supported by the increasing weight of authority." 131 Ark. at 101. Recently, in *Cotham* v. *First National Bank of Hot Springs*, 287 Ark. 167, 679 S.W.2d 101 (1985), the Arkansas Supreme Court reaffirmed the validity of spendthrift trusts in rejecting an attempt by the beneficiaries to terminate a spendthrift trust. After citing *Bowlin, supra*, the court stated:

> Similarly, in *Clemenson* v. *Rebsamen*, 205 Ark. 123, 168 S.W.2d 195 (1943), we said a spendthrift trust was created when legal title and absolute control of the corpus passes to the trustee for the purpose of creating an income for the beneficiary, and, by the terms of the trust, the beneficiary is only entitled to some stated income for life or a term of years, and the beneficiary does not have the right to voluntarily or involuntarily alienate his interest.

287 Ark. at 171-72.

The appellant argues that in the instant case there was a transfer of property by Owen into a trust which contained a spendthrift clause, that this was fraudulent, and that the chancellor erred in failing to void the trust. While the chancellor made no ruling as to fraudulent intent, we do not think a finding in this regard is necessary. The trust agreement by which E.H. Owen created the E.H. Owen Family Trust named Bill F. Jennings and E.H. Owen as co-trustees and E.H. Owen as the beneficiary of the trust with power to designate other beneficiaries. The agreement gave the trustees the right to distribute up to 20% of the trust corpus in any full calendar year to the beneficiary for the support, education and general welfare of the beneficiary and to transfer title to part or all of the trust assets to the beneficiary. Further, the agreement contained a "spendthrift clause" which provided in part:

> The interest of the beneficiary of any trust created by this entire trust investment shall not be subject to or liable for any anticipations, assignments, sales, pledges, debts contracts or liabilities of said beneficiary and said interest shall not be seized by creditors of said beneficiary, or by anyone [by] attachment, garnishment [,] execution or otherwise.

The agreement also gave Owen investment control over the trustees, the right to remove the trustees with or without cause and the right to modify, amend or revoke in whole or in part, the trust agreement or the trust.

The Restatement (Second) of Trusts § 156 (1959), provides:

> (1) Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest.

Comment *a* to this section provides:

> a. *Intention to defraud creditors not required.* The rules stated in this Section are applicable although the transfer is not a fraudulent conveyance. The interest of the

settlor-beneficiary can be reached by subsequent creditors as well as by those who were creditors at the time of the creation of the trust, and it is immaterial that the settlor-beneficiary had no intention to defraud his creditors.

Illustration:

1. *A* transfers property to *B* in trust to pay the income to *A* for life and to pay the principal on *A*'s death to *C*. By the terms of the trust it is provided that *A*'s interest under the trust cannot be transferred or reached by his creditors. *A* can transfer his interest; his creditors can reach his interest.

This rule is widely accepted. Some jurisdictions are covered by specific statutes; others by case law. *See, e.g., In re Robbins*, 826 F.2d 293 (4th Cir. 1987); *Matter of Nichols*, 42 Bankr. 772 (M.D. Fla. 1984); *Matter of Hall*, 22 Bankr. 942 (M.D. Fla. 1982); *Altman* v. *C.I.R.*, 83 Bankr. 35 (D. Hawaii 1988); *Vanderbilt Credit Corp.* v. *Chase Manhattan Bank*, 473 N.Y.S.2d 242, 100 A.D.2d 544 (1984); and *In re Howerton*, 21 Bankr. 621 (N.D. Texas 1982). In holding Keogh plans not exempt from creditors in *Matter of Witlin*, 640 F.2d 661 (5th Cir. 1981), the court explained:

There is, of course, a strong public policy that will prevent any person from placing his property in what amounts to a revocable trust for his benefit which would be exempt from the claims of his creditors. Many states have enacted statutes which give effect to this policy. . . . We find no Congressional policy that would counter the common law principle.

640 F.2d at 663.

In 76 Am. Jur. 2d *Trusts* § 168 (1975), it is said:

Public policy does not countenance devices by which one frees his own property from liability for his debts or restricts his power of alienation of it; and it is accordingly universally recognized that one cannot settle upon himself a spendthrift or other protective trust, or purchase such a trust from another, which will be effective to protect either the income or the corpus against the claims of his creditors,

or to free it from his own power of alienation. The rule applies in respect to both present and future creditors and *irrespective of any fraudulent intent* in the settlement or purchase of a trust. It applies even where one seeking to settle or purchase a trust in his own benefit is a spendthrift in fact, and irrespective of the sex or marital or contemplated marital status of the beneficiary. [Emphasis supplied.]

And, in addition to the overwhelming authority just discovered, at the time the E.H. Owen Family Trust agreement was signed on December 1, 1984, there was in existence in Arkansas a legislative act prohibiting the very trust established by E.H. Owen. Ark. Stat. Ann. § 68-1301 (Repl. 1979) provided as follows:

Every deed of gift and conveyance of goods and chattels in trust to the use of the person so making such deed of gift or conveyance, is declared to be void as against creditors existing, and subsequent purchasers.

(This section was codified as Ark. Code Ann. § 4-59-203 (1987). It was replaced by Act 967 of 1987, codified as Ark. Code Ann. § 4-59-201 through 213 (Supp. 1987)).

In this case, E.H. Owen established the E.H. Owen Family Trust at a time when he was indebted to appellant for $150,000.00. The chancellor found that E.H. Owen still had control over his property even after placing it in the trust. He was the sole beneficiary of the trust and had absolute power over the corpus, the income, the designation of the beneficiaries and his co-trustee. The chancellor entered an order holding the trust agreement void as to appellant, then inexplicably entered an amended order holding only that the "assignments from E.H. Owen and wife attached as exhibits to the trust and declared to be effective on October 1, 1984," were void as to appellant.

Appellee argues that this ruling was correct because the appellant had failed to join Owen Contracting Company, S H & J Drilling Company, Homer National Bank, Peoples Bank, Bobby Owen, Gina Owen, M & S Oil Investments, and others who had transactions with the trust, as parties to the suit and for the court to hold the entire trust void would do injury to these parties "who

have not had their day in court." The first answer to this argument is that appellee filed a motion in the trial court claiming that additional parties should be joined as necessary parties to the litigation. The court held that if the pleading was a motion it was served later than ten days before the time specified for hearing in violation of Rule 6 of the Arkansas Rules of Civil Procedure; and if it was an amendment to a pleading, disposition of the cause would be unduly delayed because of the late filing. The pleading was stricken and the motion denied. That decision was not raised on cross-appeal.

██ Furthermore, it is clear from the trust agreement itself that at the time of trial, appellee was the only beneficiary of the trust, and therefore, the only necessary party to the suit. Paragraph 2(A) of the trust agreement provided in pertinent part:

> Income shall be distributed to E.H. Owen or such other person or persons he may designate to the Trustee in writing; and Trustee does now predesignate in writing that upon his death, E.H. Owen's wife and his daughter, Gina Gaye Owen, shall receive the income from this trust if either or both survive him. In the event that either does not survive him, then upon the Trustor's death, the survivor shall receive the income from this trust.

Thus, appellant's wife and daughter were named only as contingent beneficiaries in case of his death. The trust instrument gave appellant the power to revoke the trust prior to that happening and this leaves them with only a contingent expectancy. Ark. R. Civ. P. 19 provides in part that a person shall be joined as a necessary party when he claims an interest in the subject of the action and disposition of the action in his absence would result in prejudice as a practical matter. The record does not show that there are other parties who should be joined in this suit, and it is obvious that the decision in this case will not have any legal effect upon the interest of anyone who is not a party to the suit.

██ We find that the chancellor's first order, voiding the trust agreement and assignments to the trust as to the appellant, was the correct holding. Consequently, we modify the court's amended order to reflect that the trust agreement dated December 1, 1984, by which the E.H. Owen Family Trust was created is

also void as to appellant.

Affirmed as modified.

JENNINGS and CRACRAFT, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. While I agree that the chancellor's decree should be affirmed as modified, I must dissent because, in my view, it should be modified in a different way. As the majority opinion says, the chancellor's amended order held that the "assignments" from E.H. Owen and his wife, attached as exhibits to the trust, were void as to the creditor, Halliburton Company.

If the majority opinion holds that this case is primarily governed by Ark. Code Ann. § 4-59-203 (1987), I agree. That code section provides:

> Every *deed of gift and conveyance* of goods and chattels *in trust* to the use of the person so making such deed of gift or conveyance, *is declared to be void as against creditors* existing, and subsequent purchasers. (Emphasis added.)

Clearly, under this statute it is the conveyance, not the trust itself, which is declared void as against creditors. In the case at bar, the words of conveyance were contained in the trust instrument itself.

Paragraph (1) of the trust provided:

> Trust Property. For good and valuable consideration, the Trustor does hereby grant, bargain, sell, assign, transfer, and deliver to the trustees the property listed in Exhibit A attached hereto, to have and hold such property and any other property which the Trustees may, pursuant to any of the provisions of this Agreement, at any time hereafter hold or acquire, for the uses and purposes and upon the terms and conditions set forth.

> The wife of the Trustor joins in this conveyance for the sole purpose and does hereby release and relinquish all her property rights, dower and homestead to said Trustees in the property described in Exhibit A.

"Exhibit A" was merely a list of property conveyed into the trust by the first paragraph of the trust itself. The attachment

contains no words of conveyance and is not actually an "assignment." Therefore, we should, on our *de novo* review, modify the order to reflect that the conveyance contained in the first paragraph of the trust, together with exhibit A, is void as against the appellant, Halliburton Company.

Appellant advances only two arguments in support of its contention that the trust itself, as opposed to the conveyance into the trust, is void: (1) that the chancellor erred in failing to find that the trust was fraudulent, and (2) that the court erred in failing to declare that the trust was illusory. The majority correctly notes that the chancellor made no finding of fraud, and then holds that no such finding is necessary. If the majority holds that the trust itself is void because it is illusory, I cannot agree. Section 99 of the Restatement (Second) of Trusts (1959) provides:

Beneficiary as Trustee.

1. One of several beneficiaries of a trust can be one of several trustees of the trust.

2. One of several beneficiaries of a trust can be the sole trustee of the trust.

3. The sole beneficiary of a trust can be one of several trustees of the trust.

4. If there are several beneficiaries of a trust, the beneficiaries may be the trustees.

5. The sole beneficiary of a trust cannot be the sole trustee of the trust.

In a comment to subsection 5 the drafters of the Restatement notes:

Where one person has both the legal title to property and the entire beneficial interest, he holds it free of trust. There is no separation of the legal and beneficial interests, and there are no duties running from himself to himself, and no rights against himself. He is in a position where he can dispose of the property as freely as any owner can do, since there is no one who can maintain a proceeding against him to prevent him from so doing, and if he transfers the

property there is no one who can make him accountable for the proceeds or can reach the property in the hands of the transferee. He cannot himself maintain an action against the transferee since he can not base an action upon his own voluntary act in making the transfer.

This would be an "illusory" trust in the sense that appellant urges, i.e., the trust itself would be invalid. Under these circumstances the legal and equitable estates would be merged. *See* G.T. Bogert, *Trusts*, § 30, at 96 (6th ed. 1987). In the case at bar, E.H. Owen was neither the sole trustee nor the sole beneficiary, although, as the majority correctly notes, Owen's wife and daughter were only contingent beneficiaries. As Bogert points out, "If T and X are appointed trustees for T alone, there has been no disposition to treat the act of trust creation as void. The diversity of the character of the legal and equitable titles and the obligation of the cotrustees to the beneficiary have been held to obviate any difficulty." Bogert, *supra*, § 30, at 97.

While I am not sure that it is necessary to discuss spendthrift trusts in this opinion, I have no quarrel with the applicability of § 156 of the Restatement of Trusts. That section, however, does not suggest that it is either necessary or appropriate to declare void the trust instrument itself, as opposed to the conveyances into the trust.

I am persuaded that the chancellor did not err in refusing to declare the entire trust instrument void. Therefore, I respectfully dissent.

CRACRAFT, J., joins in this dissent.