**In re Wayne H. SCHULTZ, Jr., Debtor.**

**No. 4:04–BK–20602 E.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 17, 2005.

Richard Cox, Chapter 7 Trustee.

Scott Vaughan, for Debtor.

### SUPPLEMENTAL MEMORANDUM OPINION

AUDREY R. EVANS, Chief Judge.

Before the Court is Debtor's *Motion to Make Additional Findings of Fact and to Alter and Amend the Judgment* filed on May 4, 2005, and the Trustee's response filed on May 11, 2005. Richard Cox, the chapter 7 trustee (the "**Trustee**") filed an Objection to Exemptions on December 6, 2004, in which he objected to an exemption claimed by the Debtor for his interest in the "Hank Wayne Schultz, Jr. Consolidated Trust" dated May 1, 1991 (hereinafter referred to as the "**Consolidated Trust**"). The Court heard the Trustee's objection on February 10, 2005. On April 25, 2005, the Court entered its Order Sustaining Trustee's Objection to Exemptions (the "**April 25 Order**") and its Memorandum Opinion setting forth its findings of fact and conclusions of law in connection with the April 25 Order.

Pursuant to Bankruptcy Rules 7052 and 9023, the Debtor asks the Court to make

additional findings of fact and conclusions of law as to a particular defense (the **"fraudulent conveyance defense"**) which the Debtor raised at the hearing on the Trustee's Objection to Exemptions but the Court did not fully analyze in its Memorandum Opinion. The Debtor further asks the Court to overrule and deny the Trustee's Objection to Exemptions and asserts that the fraudulent conveyance defense is dispositive of the Trustee's objection regardless of the Court's ruling in its April 25 Order and Memorandum Opinion. The Court acknowledges that it did not provide a thorough analysis regarding the fraudulent conveyance defense, and accordingly, by separate order, the Court has granted the Debtor's motion to the extent it seeks additional findings of fact and conclusions of law. This Supplemental Memorandum Opinion sets forth the Court's findings of fact and conclusions of law with respect to the Debtor's fraudulent conveyance defense. This Supplemental Memorandum Opinion also provides legal analysis as to why the fraudulent conveyance defense is not dispositive of the Trustee's Objection to Exemptions, and why the Court has therefore denied the Debtor's motion to the extent that it asks the Court to alter or amend the Court's April 25 Order.

## FINDINGS OF FACT

The following facts are relevant to the Debtor's fraudulent conveyance defense, and were established at trial:

1) The Consolidated Trust was filed of record in El Dorado, Union County, Arkansas on May 23, 1991, appearing of record as instrument no. 913403.

2) Mr. Ian Vickery, the attorney who prepared the Consolidated Trust, testified that the Consolidated Trust was filed of record to put everyone, including the Debtor's creditors, on notice that the assets described in the Consolidated Trust had been transferred to the Trust.

3) Mr. Vickery testified that the Consolidated Trust had been prepared and funded at the request of the Debtor's father because the Debtor was not very good at handling his own finances.

## CONCLUSIONS OF LAW

Debtor asserts that any action by the Trustee to set aside the Consolidated Trusts as a fraudulent conveyance under 11 U.S.C. § 548 or Ark.Code Ann. § 4–59–203 is time barred. The Trustee has not filed a suit for fraudulent conveyance and does not seek to set aside the Consolidated Trust as a fraudulent conveyance.

The Debtor argues that the Trustee must bring a fraudulent conveyance action to reach the assets of the Consolidated Trust notwithstanding the Court's ruling that the Debtor's beneficial interest in the Consolidated Trust is an asset of his bankruptcy estate. The Debtor reasons that because he listed the trust on Schedule B, Personal Property, as an asset worth nothing, he indicated that it was not property of his bankruptcy estate, and that had he not also listed it on Schedule C, Property Claimed as Exempt, the Trustee could not have objected to the claimed exemption and was instead required to file a fraudulent conveyance action to bring the trust into the Debtor's bankruptcy estate.[1] In

---

1. In the Debtor's *Brief in Support of the Debtor's Motion to Make Additional Findings of Fact and to Alter and Amend the Judgment,* the Debtor implies that the case of *Halliburton Co. v. E.H. Owen Family Trust,* 28 Ark.App. 314, 773 S.W.2d 453 (1989), supports his argument that the Trustee is required to bring a fraudulent conveyance action in order to

reach the Debtor's beneficial interest in the Consolidated Trust because the judgment creditor in that case used Arkansas' fraudulent conveyance statute as a means to avoid a trust. The Court notes that *Halliburton* was not a bankruptcy case, and accordingly, whether the trust at issue in that case was

sum, the Debtor argues that the Trustee's *only* method of bringing the trust assets into the Debtor's bankruptcy estate is by filing a fraudulent conveyance action and voiding the transfer of assets to the Consolidated Trust. The Court finds this argument unpersuasive.

In addition to the Trustee's power to object to the Debtor's claimed exemption of the trust, the Trustee has the authority to challenge the listed value of the trust on Debtor's Schedule B and to assert that the Debtor has an interest in the trust that is included in his bankruptcy estate pursuant to 11 U.S.C. § 541. In fact, "the Trustee is entitled, and, indeed, obligated to obtain custody of and liquidate [property of the estate] for the benefit of the creditors." *In re Gillespie*, 269 B.R. 383, 388 (Bankr. E.D.Ark.2001) (Scott, J.). *See* 11 U.S.C. §§ 704, 542, 543. In the Trustee's Objection to Exemptions, the Trustee specifically asked the Court to "strictly determine the value of the Debtor's interest in any trust or estate in which the Debtor has an interest and strictly determine the allowed exemption therein." The Trustee also prayed that the assets of the Consolidated Trust or any other trust or estate in which the Debtor had an interest be determined to be property of the Debtor's bankruptcy estate. At trial, the Debtor did not object to the Court's determination of these issues with respect to the Trustee's Objection to Exemptions, and the Court ruled on these issues in its April 25 Order and Memorandum Opinion.

██ Furthermore, whether trust assets belong to a debtor's bankruptcy estate is a separate and distinct issue from whether the transfer to the trust is voidable as a fraudulent conveyance. In this case, the Debtor's interest in the Consolidated Trust was supposedly protected by a spendthrift provision in the trust and therefore excluded from his bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2); however, the Court found that spendthrift provision to be invalid as to the Debtor and then went on to find that the Debtor had a beneficial interest in the entire trust corpus, such that the entire trust corpus was included in his bankruptcy estate. Because the Debtor's interest in the entire trust corpus is included in his bankruptcy estate, the Trustee has no reason to attempt to set aside the entire trust as a fraudulent transfer. *See* IIA Scott on Trusts 1. § 156 at 167–68 ("To the extent which the settlor himself takes an interest under the trust ... that interest is subject to the claims of his creditors even though the creation of the trust was not a fraudulent conveyance."); *In re Brown*, 303 F.3d 1261, 1269 (11th Cir.2002) ("Although the spendthrift provision of a trust is void as against a settlor-beneficiary's creditors, the trust itself remains valid."); *In re Hawley*, 2004 WL 330098, *7 (Bankr.C.D.Ill.2004) (Court held that it need not address trustee's assertion that transfer was avoidable under § 548(a)(1)(B) where the exception provided by § 541(c)(2) does not apply such that the debtor's interest in the trust became property of her bankruptcy estate when her petition was filed, and was therefore subject to the chapter 7 trustee's right to administer that interest for the benefit of the debtor's creditors.).

For these reasons, the Court finds that the Debtor's argument that the Trustee needed to file a fraudulent conveyance ac-

property of a bankruptcy estate was not an issue, and the case has no bearing on what actions a bankruptcy trustee may take to determine what property constitutes property of a debtor's bankruptcy estate. Moreover, *Halliburton* cites with approval comment a to the

Restatement (Second) of Trusts § 156 (regarding self-settled spendthrift trusts) which provides in part: "The rules stated in this Section are applicable although the transfer is not a fraudulent conveyance."

tion is without merit, and by separate order, the Court has denied the Debtor's motion to alter and amend the Court's April 25 Order.