578 N.W.2d 289 (1998)
457 Mich. 430
In re Barbara HERTSBERG INTER VIVOS TRUST.
Edie COLMAN, Trustee, Petitioner-Appellee,
v.
DEPARTMENT OF MENTAL HEALTH, Respondent-Appellant, and
Sidney Colman and Macomb Oakland Guardianship, Respondents.
Docket No. 106897, Calendar No. 6.
Supreme Court of Michigan.
Argued March 3, 1998.
Decided June 2, 1998.
*290 Beier, Howlett, P.C. by Mary T. Schmitt Smith, Bloomfield Hills, for petitioner-appellee.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and Alan F. Hoffman and Santiago Rios, Assistant Attorneys General, Lansing, for respondent-appellant.

OPINION
WEAVER, Justice.
The issue in this case is whether the Department of Mental Health may seek reimbursement for the cost of care it provided to Barbara Hertsberg from a trust established for her benefit. The determinative question is who should be considered the settlor of the trustBarbara Hertsberg, or her mother, Edith Hertsberg, who funded the trust pursuant to a court order. The probate court *291 concluded that Barbara was the settlor, and that the department could seek reimbursement from the trust. The Court of Appeals held that Edith was the settlor, and that the trust could not be not reached. We reverse, and reinstate the order of the probate court.

I
Barbara Hertsberg is a developmentally disabled person. In 1983, her guardian filed a complaint in Wayne Circuit Court on her behalf, alleging that Edith Hertsberg, Barbara's now-deceased mother, neglected Barbara and failed to provide for her with the Social Security benefits Edith Hertsberg had received on behalf of Barbara. A consent judgment was entered on January 17, 1986. Under its terms, Edith Hertsberg was ordered to fund a trust for the benefit of Barbara with $150,000. On January 23, 1986, a discretionary trust with a spendthrift provision was established pursuant to the consent judgment. The trust agreement named Edith Hertsberg as the grantor and Elaine Levy and Edie Colman as co-trustees. Upon the death of Barbara, the trust principal was to be distributed to several of her relatives.
As a recipient of mental health services provided by the department, Barbara was subject to a financial liability determination. In May of 1994, the department determined that the trust assets were available to Barbara to reimburse the state for $90,800 in past services provided, and for $729 a month for continued care. The trustee filed an administrative appeal of the department's financial liability determination, but this appeal was adjourned by the consent of the parties, who agreed that the matter should be determined by a court.
The probate court noted that discretionary trusts can protect assets from creditors when the trust settlor is a third party and the beneficiary has no absolute interest in the trust. However, relying on In re Johannes Trust, 191 Mich. App. 514, 479 N.W.2d 25 (1991), the court said that where the settlor of the trust is also the beneficiary, the assets are reachable by creditors. The court agreed with the department's contention that Barbara Hertsberg was the true settlor of the trust because she was the plaintiff in the lawsuit from which the trust arose.
The Court of Appeals reversed. It also focused on In re Johannes Trust, supra. The Court said that in light of Johannes, the probate court had erred in determining that Barbara Hertsberg was the settlor of the trust. Edith Hertsberg created the trust, and furnished the funds for it. Barbara contributed none of the trust assets.
The department appealed and we granted leave.

II
A discretionary trust provides that a "trustee may pay to the beneficiary so much of the income or principal as he in his discretion determines...." Miller v. Dep't of Mental Health, 432 Mich. 426, 429, 442 N.W.2d 617 (1989). Normally, a discretionary trust cannot be reached by creditors because the beneficiary has no ascertainable interest in the assets. Id.,p. 431, 442 N.W.2d 617. However, where the beneficiary is also the settlor of the trust, we agree with the Court of Appeals in In re Johannes Trust, supra, that creditors can reach the assets of the trust.
Like the Johannes panel, we find persuasive and adopt Restatement Trusts, 2d, § 156. Section 156 states:
(1) Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest.
(2) Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit. [ Id., p. 326.]
As recognized by the Court of Appeals in In re Johannes Trust, supra, it would be contrary to public policy to allow a person to shelter assets from creditors in a trust of which he is the beneficiary. Furthermore, to allow an individual to so shelter assets would defeat the express requirement of the Mental *292 Health Code that individuals reimburse the state for services rendered to them by the department. M.C.L. § 330.1804; M.S.A. § 14.800(804).[1] Thus, the dispositive question in this case is whether Barbara Hertsberg was the settlor of the trust.
We find that a settlor is one who provides consideration for a trust. See 191 Mich.App. p. 520, 479 N.W.2d 25; Ronney v. Dep't of Social Services, 210 Mich.App. 312, 317, 532 N.W.2d 910 (1995); Forsyth v. Rowe, 226 Conn. 818, 826, 629 A.2d 379 (1993); Guaranty Trust Co. of New York v. New York Trust Co., 297 N.Y. 45, 50-51, 74 N.E.2d 232 (1947). In In re Johannes Trust, supra, the petitioner, as guardian of her disabled sister, established a discretionary trust for the sister's benefit from assets that the sister had inherited. The Johannes panel determined that, insofar as the trust was funded with assets provided by petitioner's disabled sister, she would be considered a settlor of the trust, and the department could reach those assets.[2] It held that to the extent the disabled sister funded the trust, she was the settlor and liable to the department for services provided. Id.
In concluding that Barbara was not the settlor of the trust, the Court of Appeals reasoned:
When reviewing a trust, the intent of the settlor should be carried out as much as possible and the settlor's intent can be gained from the trust document. In re Maloney Trust, 423 Mich. 632, 639-640 (Cavanagh, J., with Williams, C.J., and Levin, J., concurring), 641 (Ryan, J., with Williams, C.J., and Levin, J., concurring); 377 N.W.2d 791 (1985). Pursuant to the trust agreement, Edith Hertsberg created the trust by transferring $150,000 to the trustees. The transfer of the money directly to the trustees indicated that Edith Hertsberg never intended for Barbara to receive the money. Because the $150,000 was never transferred to Barbara, she did not contribute any of her assets to the creation of the trust. See Johannes Trust, supra at 520-521 [479 N.W.2d 25]. Therefore, the trial court erred when it concluded that Barbara Hertsberg was a settlor of the trust. [Unpublished opinion per curiam, issued July 5, 1996 (Docket No. 181189), slip op., p.____]
Although it is true that the trust agreement recites that Edith Hertsberg is the grantor of the trust, and that she transferred to the trustees the assets that funded the trust, the mechanics of the transaction are not controlling. It is the identity, not the intent, of the settlor that is at issue. The fact that Barbara Hertsberg, through her guardian, agreed that the funds would be paid into the trust, rather than directly to her, does not alter the fact that she had control over the disposition of the property.[3]
We find the Court of Appeals sole reliance on Edith's intent as expressed within the trust agreement erroneous in this case, given that the motivation for the establishment of the trust is expressed within the consent judgment. The consent judgment states:
That Edith Hertsberg shall forthwith fund a certain trust in favor of Barbara J. Hertsberg (a copy of which is attached hereto as Exhibit A) with $150,000.00; further that this requirement is binding upon *293 her heirs, assigns, and personal representative.
Edith Hertsberg created the trust in exchange for the settlement of an action filed against her on Barbara Hertsberg's behalf. The cause of action was a form of property belonging to Barbara Hertsberg, and the proceeds of that settlement formed the consideration for the trust. In an analogous and persuasive decision, the Connecticut Supreme Court held that a trust funded by the settlement of the beneficiary's tort claim was a medicaid qualifying trust[4] because the trust's assets were attributable to the beneficiary even though the settlement was consummated by the beneficiary's father. Forsyth v. Rowe, supra, p. 826, 629 A.2d 379.
Therefore, we hold that Barbara Hertsberg was the settlor of the trust.
Accordingly, we reverse the judgment of the Court of Appeals and reinstate the October 3, 1994, order of the probate court.
MALLETT, C.J., and BRICKLEY, BOYLE, and TAYLOR JJ., concur with WEAVER, J.
MARILYN J. KELLY, Justice (dissenting).
The primary issue in this case is whether the Court of Appeals correctly interpreted the law in determining that Edith Hertsberg, rather than Barbara Hertsberg, was the settlor of a special needs trust. The Department of Mental Health is attempting to reach the assets of the Barbara Hertsberg discretionary trust to satisfy a debt owed to it.
Relying on the Court of Appeals decision in In re Johannes Trust,[1] the majority holds that creditors can reach the assets of a trust whose beneficiary is also the settlor. I agree with that rule, but conclude that the majority has erred in its application of Johannes. There, the Court held that a person is the settlor of a trust who had legal title to the assets when they were transferred to the trust. Id. at 522, 479 N.W.2d 25.
I disagree with the majority's holding that the mechanics of the Hertsberg trust's funding are not controlling for the purpose of identifying the settlor. Here, the mechanics of the trust funding, in addition to the manifest intent of the parties, show convincingly that Edith was the settlor.
In the past, we have held that the quintessential rule of trust agreement interpretation is to examine the intent of the settlor. See In re Maloney Trust, 423 Mich. 632, 639, 377 N.W.2d 791 (1985). An appropriate review requires us to ascertain the intention of the settlor at the time the trust instrument was created. Id. The Court must consider the trust as a whole, including its general scope, logical implications, and necessary inferences. In re Charlton Estate, 9 Mich.App. 625, 634, 157 N.W.2d 821 (1968).
In rendering its decision in Hertsberg, the Court of Appeals examined all four corners of the trust document, and based its decision on Johannes Trust, supra. It determined, as a matter of law, that Edith Hertsberg was the settlor. She was the individual who created, signed, and funded the trust.
In Johannes Trust, the appeals court was faced with a similar issue. It needed to determine whether the beneficiary under a discretionary trust was also the settlor of the trust. The question was whether the department could reach the trust's assets for reimbursement of care provided to the beneficiary. Id. at 518-519, 479 N.W.2d 25. The petitioner in that case, as guardian of the beneficiary, established a discretionary trust from assets that the beneficiary inherited. Id. at 516, 479 N.W.2d 25.
The Johannes Trust Court held that, if the petitioner created the trust with assets provided by the beneficiary, the latter was the settlor to the extent of the assets she contributed. Id. at 520, 479 N.W.2d 25. Consequently, the department could reach the trust assets that came from the beneficiary. Id. at 520-523, 479 N.W.2d 25. Johannes Trust was remanded to the probate court *294 with instructions that, if the beneficiary's inheritance was paid directly to the petitioner rather than to the beneficiary, legal title would have vested in the petitioner. In that event, the petitioner was the settlor, and the department could not reach the trust assets. Id. at 520-521, 479 N.W.2d 25.
Therefore, Johannes Trust explicitly established that, for the department to reach trust assets, the beneficiary must have held actual legal title to them when they were transferred to the trust.
In this case, Barbara's mother, Edith, apparently had failed to apply Barbara's social security benefits for Barbara's care and maintenance. As a consequence, Barbara's aunt brought suit against the mother. Later, the aunt replaced the mother as Barbara's guardian. When the suit was resolved, a consent judgment was entered under which Edith agreed to establish a trust fund for Barbara's benefit. Under the terms of the settlement, Edith set up a discretionary trust that she funded using monies she had inherited from her sisters.
Great pains were taken in forming the trust to prevent Barbara's creditors from having access to it. The language of the trust document explicitly designates Edith as the settlor. It directs the trustees to terminate the trust immediately should any agency providing care, support, and maintenance for Barbara attempt to reach it. I conclude from the language of the trust that it was structured to be a "special needs" or "supplemental needs" trust. Trust Co. of Okla. v. State ex rel. Dep't of Human Services, 825 P.2d 1295 (Okla., 1991).
A special needs trust contemplates that public assistance will be used for the primary support of the trust beneficiary. The trustee will draw from the trust only those monies the beneficiary needs that public assistance does not provide.
The majority here relies on a Connecticut case, Forsyth v. Rowe,[2] for the proposition that Barbara was the settlor of the trust. I find that case distinguishable from Hertsberg.
In Forsyth, a trust had been established for the plaintiff's ward and funded with the proceeds of a suit seeking damages for injuries he sustained in an automobile accident. The trust was found to be a "medicaid qualifying trust" under 42 U.S.C. § 1396a(k). Hence, first, the trust in Forsyth was a medicaid qualifying trust, whereas the trust in the present case was a discretionary "special needs" trust. Second, the settlement agreement in Forsyth provided for a release stating that the defendant would pay the settlement funds directly to the trust on behalf of the beneficiary. Thus, the funds with which the trust was established belonged to the plaintiff's ward, the trust beneficiary. The plaintiff at no time had legal title to them.
However, in Hertsberg, monies that Edith inherited were used to fund the trust. Ownership of them never passed to Barbara. Barbara could have been given legal title to them when the consent judgment was entered. But, instead, legal title to them passed directly from Edith to Barbara's trust.
I find that the Court of Appeals decision in this case is correct, and therefore I would affirm it. Barbara was not the settlor of the trust, and thus, the department should not be entitled to reach the trust assets.
MICHAEL F. CAVANAGH, J., concurs with MARILYN J. KELLY, J.
NOTES
[1] M.C.L. § 330.1804; M.S.A. § 14.800(804) stated:

The individual, the spouse, and the parents, as these terms are defined in section 800, shall be financially liable for services provided to the individual by the department.
Under version of M.C.L. § 330.1818(c); M.S.A. § 14.800(818)(c) applicable at the time of trial in this case, an individual's ability to pay was determined from
consideration of his or her financial situation. That consideration shall include, but need not be limited to, the following factors: income, expenses, insurance proceeds, and number and condition of dependents, assets, and liabilities.
These provisions were amended by 1995 P.A. 290. The revisions would not affect our holding in this case.
[2] The Johannes panel concluded that the record did not explain who had legal claim to the disabled sister's share.
[3] As the department suggests, the situation is analogous to an employer agreeing with an employee to pay wages into the employee's trust. The wages, like the settlement award, belong to the employee, and it is the employee's decision regarding the manner in which payment is to be made.
[4] 42 U.S.C. § 1396a(k) dealt with Medicaid qualifying trusts. This statute was repealed in 1993 under the Omnibus Budget Reconciliation Act.
[1] 191 Mich.App. 514, 479 N.W.2d 25 (1991).
[2] 226 Conn. 818, 629 A.2d 379 (1993).