**In re Wayne H. SCHULTZ, Jr., Debtor.**

**No. 4:04–BK–20602 E.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 25, 2005.

---

Richard Cox, Chapter 7 Trustee.

Scott Vaughan, for Debtor.

## MEMORANDUM OPINION

AUDREY R. EVANS, Bankruptcy Judge.

On February 10, 2005, the Court heard the *Trustee's Objection to Exemptions* filed on December 6, 2004, and the *Debtor's Response to the Trustee's Objection to Exemptions* filed on December 16, 2004. Scott Vaughan appeared on behalf of the Debtor, who was also present, and Richard Cox, the chapter 7 trustee (the **"Bankruptcy Trustee"**), appeared on behalf of himself. Following oral argument and presentation of evidence, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment in this case. The following constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### INTRODUCTION

The Bankruptcy Trustee objects to an exemption claimed by the Debtor for his interest in the "Hank Wayne Schultz, Jr. Consolidated Trust" dated May 1, 1991 (hereinafter referred to as the **"Consolidated Trust"**). The Bankruptcy Trustee also claims the Debtor has a nonexempt interest in another trust, the "Hank Wayne Schultz, Jr. Trust" dated March 28, 1989 (hereinafter referred to as the **"Original Trust"**), which was transferred to the Consolidated Trust along with other assets of the Debtor. The Debtor claims his interest in the Consolidated Trust is not property of his estate under 11 U.S.C. § 541(c)(2) because the Consolidated Trust is a spendthrift trust. The Debtor further asserts that the Bankruptcy Trustee is required to bring a fraudulent conveyance action to set aside either the Consolidated Trust or the Original Trust, and that any such action is time-barred under 11 U.S.C. § 548 and Ark.Code Ann. § 4–59–209.

The Bankruptcy Trustee objects to the Debtor's exemption of these trusts on the grounds that such trusts are "self-settled" (*i.e.,* Debtor funded these trusts), and therefore any spendthrift provision in such trusts is invalid under Arkansas law with respect to the Debtor as beneficiary. The Bankruptcy Trustee maintains that he is not attempting to set aside such trusts and is therefore not required to bring a fraudulent conveyance action to include the Debtor's interests in these trusts in Debtor's bankruptcy estate. The Court finds that the Bankruptcy Trustee is correct with respect to both arguments (*i.e.,* that spendthrift provisions in self-settled trusts are invalid as to the settlor, and that the Bankruptcy Trustee need not bring a fraudulent conveyance action to include trust property in Debtor's estate); however, because only the Debtor's beneficial interests in such trusts are included in Debtor's bankruptcy estate, the Court must determine the extent of Debtor's beneficial interest in each trust.

### FACTS

Debtor filed bankruptcy under chapter 7 on September 8, 2004. On his schedules, Debtor listed as personal property the Consolidated Trust but noted that the trust was spendthrift and not property of the estate. Debtor also claimed an exemption for the Consolidated Trust, also noting that the Consolidated Trust was spendthrift and not property of the estate. Debtor lists general unsecured debts of $56,330.37; he lists one secured creditor, Best Buy, secured by a TV with a claim in the amount of $800. The deadline to file claims was February 16, 2005, and as of that date, $20,438.60 in claims had been filed. Debtor testified that he filed bankruptcy after incurring extensive debt and undergoing a medical emergency having been diagnosed with diabetes and having the toes on his right foot amputated.

Prior to the creation of the Consolidated Trust, Debtor had created and funded the Original Trust on March 28, 1989. Debtor's mother was the original trustee of the Original Trust; after her death, Debtor's sister served as trustee. Debtor was the sole beneficiary of the Original Trust for his lifetime. The remainder beneficiaries with respect to accumulated income were: first, his issue; then, his sister; then, his mother or mother's heirs-at-law, not including his father. There were no stated remainder beneficiaries with respect to the trust's principal. The Original Trust provided for mandatory distributions of income and discretionary distributions of principal to the Debtor. Specifically, with respect to distributions of principal, paragraph 2.02 of the Original Trust provides, in part: "Trustee may, in her absolute discretion, distribute so much of the principal and any accumulations thereof to the Beneficiary, upon request therefor, as she deems proper under the circumstances."

Although the Original Trust provided that it was irrevocable under Article V, the Debtor was given the power to terminate the trust by making a written election; in that case, the trust was to terminate one year after the written election was made. While there was no evidence that Debtor ever made such a written election, on May 1, 1991, the Debtor executed the Consolidated Trust which provided:

> To the extent that properties may be placed into this Trust from an established Trust, the Donor herein consents to such transfer, and by subscribing hereto, the Trustee of such established Trust joins herein and effects said conveyance, assignment and transfer.

The trustee of the Original Trust also executed a Consent and Assignment dated May 16, 1991, consenting to the establishment of the Consolidated Trust and its terms, and transferring to the Consolidated Trust all of the assets of the Original Trust.

In addition to the assets of the Original Trust, assets from a trust established for Debtor's benefit by his father, assets inherited by Debtor from his mother's estate, and assets inherited by Debtor from his grandmother's estate were contributed to the Consolidated Trust. Debtor testified that the Consolidated Trust was established to centrally manage these assets because the Debtor poorly handled his finances. Debtor acknowledged that the Consolidated Trust holds securities worth more than $860,000, which are managed by Morgan Stanley; he believes the Consolidated Trust has no other assets. The Debtor's father is the named and acting trustee of the Consolidated Trust. Under the terms of the trust, Debtor has no power to control the trustee, and it was established at trial that Debtor does not in fact control the trustee.

Debtor is the sole beneficiary of the Consolidated Trust for his lifetime, and the remainder beneficiaries are his heirs. The Consolidated Trust is silent as to whether or not it is revocable by the Debtor. The stated purpose of the Consolidated Trust under Article 3 is to "provide for the consolidation and orderly management of Donor's assets, and the establishment of a regular and stated budget through periodic disbursements." Article 3 also provides that, "Only in the event of transactions outside the ordinary course of business and of distinct consequence, as determined by the Trustee in his discretion, will disbursements be made in excess of the budget."

Article 4.a. provides that the Donor is to be provided with monthly distributions of trust income in accordance with a "regular and budgeted distribution determined by the Trustee as a matter of discretion." Such distributions may be supplemented

with trust corpus if the income from the trust is insufficient to pay the monthly distribution. No evidence was introduced regarding whether or not the trustee did in fact establish such a budget for the Debtor. Article 4.b. provides for additional mandatory distributions of income. Specifically, the trustee is to match out of trust income each dollar the Debtor earns from bona fide employment in excess of $750 per month. The Debtor testified that he earns $2,554.26 in wages per month, and that he has been receiving all the trust income of approximately $1,300–1,400 per month.

Articles 4.c. and 4.d. govern the distribution of principal to Debtor. Pursuant to Article 4.c., the trustee has discretion to distribute principal to the Debtor to provide for the Debtor's "health, further education, vocational endeavors, business opportunities, and other such substantial transactions as may occur or be anticipated by the Donor." Article 4.d. provides that the trustee may distribute to Debtor the entire trust corpus upon making a determination, in his discretion, that the Debtor had "demonstrated the ability to care for and develop himself and to pursue a career in a sound and prudent manner."

## ANALYSIS

### The Validity of Self–Settled Spendthrift Trusts

■ It has been long established in American law that the settlor of a trust may not effectively create a spendthrift trust for his own benefit. See Restatement (Second) of Trusts § 156 (1959); Restatement (Third) of Trusts § 58 (2003); 76 Am.Jur.2d Trusts § 168 (1975). Arkansas recognizes this common law rule.[1] Halliburton Co. v. E.H. Owen Family Trust, 28 Ark.App. 314, 321–322, 773

S.W.2d 453, 456–457 (1989); In re Hartman, 115 B.R. 171, 174 (Bankr.E.D.Ark. 1990) (Mixon, J.) ("A spendthrift trust cannot be self-settled under Arkansas law; that is, a settlor cannot establish a trust under which he is to receive income as a beneficiary, while at the same time attempting to protect the trust assets from his creditors by the simple inclusion of a spendthrift clause."). Although Halliburton and Hartman involved situations where the settlor was a trustee or otherwise had the power to control the trustee or exercise dominion and control over trust property, spendthrift provisions are ineffective as to a trust's settlor regardless of such powers. See Restatement (Second) of Trusts § 156 (quoted by Halliburton, 28 Ark.App. at 321–322, 773 S.W.2d at 456–457). See also 76 Am. Jur 2d Trusts § 168 (also quoted by Halliburton, 28 Ark.App. at 321–322, 773 S.W.2d at 456–457). However, while a spendthrift provision is invalid as to the trust's settlor, creditors can only reach the settlor's interest in the trust; the entire trust is not necessarily invalid. See In re Gillespie, 269 B.R. 383, 388 (Bankr.E.D.Ark.2001) (Scott, J.) ("While it is true that the spendthrift provision in the trust is invalid, it does not necessarily follow that the entire trust is invalid or that the entire res is available to the chapter 7 trustee or creditors."); Restatement (Second) of Trusts § 156(2) ("Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.") (emphasis added); Restatement (Third) of Trusts § 58 ("A restraint on the voluntary and involuntary alienation of a beneficial interest retained by the settlor of a trust is

1. Although some states (e.g., Alaska and Delaware) have enacted special legislation affording greater creditor protection to self-settled spendthrift trusts, Arkansas has not done so.

invalid.") (emphasis added). Accordingly, the spendthrift provisions in both the Original Trust and Consolidated Trust are invalid with respect to the Debtor as a trust beneficiary;[2] however, only the Debtor's beneficial interest[3] in the trust is included in the Debtor's bankruptcy estate.

### Debtor's Interest in the Original Trust

Because the trustee of the Original Trust was required to distribute all the trust income and had the power to distribute the trust principal to Debtor, Debtor clearly retained a beneficial interest in all of the Original Trust's assets. However, the assets of the Original Trust were transferred to the Consolidated Trust in 1991. The Bankruptcy Trustee asserts that he should be able to reach the Original Trust assets as commingled in the Consolidated Trust because the Original Trust was not properly terminated in accordance with Arkansas law. Specifically, the Bankruptcy Trustee argues that because the Original Trust contained a spendthrift provision, it was not subject to modification or alteration under the holding in *Cotham v. First Nat'l Bank of Hot Springs*, 287 Ark. 167, 697 S.W.2d 101 (1985). In that case, the Arkansas Supreme Court held that trust beneficiaries cannot compel termination of a spendthrift trust. The Bankruptcy Trustee further argues that the Debtor and trustee of the Original Trust did not obtain court approval to terminate the Original Trust pursuant to Ark.Code Ann. § 28–69–401(a) allowing for court approval of the termination of a spendthrift trust under certain conditions. The Bankruptcy Trustee asserted it was improper for the Debtor to convert his interest in an irrevocable trust providing for mandatory distributions of income to a trust with limited mandatory distributions of income. While the Court agrees that a settlor should not be allowed to purport to place assets in an irrevocable trust and then dispose of them as he wishes, the Court finds the Bankruptcy Trustee's arguments unpersuasive for the following reasons.

First, the Original Trust was not truly irrevocable. Although Article V stated the trust was irrevocable "except in accordance with the terms herein," Article I provided that the trust was revocable by the Debtor at his election (and that the trust would terminate one year after such election). While the Court has no evidence that Debtor did in fact terminate the trust in accordance with this provision, it would elevate form over substance to hold that the trust was therefore improperly terminated. This is because the Debtor, as both settlor and beneficiary, and the trustee consented to the trust's termination and transfer of assets. Furthermore, the trustee had the discretionary authority to distribute the entire trust corpus to Debtor. Accordingly, the Debtor and trustee did not have to rely on the provision allowing Debtor to terminate the trust in order to move the trust assets into the Consolidated Trust—the trustee could simply distribute the trust corpus to Debtor, and Debtor could then transfer those assets to the new trust.

Second, the fact that the Debtor did not follow the procedure codified at Ark.Code Ann. § 28–69–401(a) does not make the

---

**2.** Although *Drewes v. Schonteich*, 31 F.3d 674 (8th Cir.1994), cited by Debtor, held that the corpus and income of a spendthrift trust are not property of a debtor's bankruptcy estate, the debtor in that case was not a trust settlor. *See Drewes*, 31 F.3d at 677–678 (finding, in part, that because debtors were not settlors of the trusts at issue, the spendthrift provisions were effective under applicable state law).

**3.** A "beneficial interest" is defined as "[a] right or expectancy in something (such as a trust or an estate), as opposed to legal title to that thing." BLACK'S LAW DICTIONARY 149 (7th ed.1999).

transfer of the trust assets to the Consolidated Trust invalid. Arkansas law also provides that Ark.Code Ann. § 28–69–401 does not preclude the termination of a trust pursuant to its terms, or otherwise in accordance with applicable law. Ark.Code Ann. § 28–69–403. As previously stated, under the terms of this trust, the trust assets could be distributed to Debtor.

■ Finally, the holding in *Cotham* does not apply to the facts of this case. *Cotham* held that a spendthrift trust could not be terminated by the beneficiaries where its continuance "is necessary to carry out the testator's purpose." *Cotham,* 287 Ark. at 172–173, 697 S.W.2d at 104. In this case, the settlor and beneficiary were one and the same, and the spendthrift provision was therefore invalid; terminating the trust had no effect on the spendthrift provision or the settlor's purposes in creating the trust.

For these reasons, the Court holds that the Debtor's termination of the Original Trust was valid, and as such, the Original Trust no longer exists and only the Debtor's beneficial interests in the Consolidated Trust may be included in Debtor's bankruptcy estate.

### Debtor's Interest in the Consolidated Trust

■ Unlike the Original Trust, the Consolidated Trust provided for only limited mandatory distributions of income. Specifically, pursuant to Article 4.b., the trustee is only required to distribute to Debtor trust income equal to each dollar the Debtor earns from bona fide employment in excess of $750 per month. However, the trustee also had discretion in distributing trust income to Debtor in accordance with a monthly budget to be determined by the trustee, and the trustee had some discretion to distribute principal to Debtor. Specifically, the trustee could dip into trust principal to supplement regular monthly distributions of income in order to meet the monthly budget; the trustee could distribute principal to Debtor for certain reasons, including "health" and "other substantial transactions"; and the trustee could distribute the trust corpus to Debtor if the trustee decided that Debtor had demonstrated "the ability to care for and develop himself and to pursue a career in a sound and prudent manner." Clearly, the trust income which must be distributed to Debtor under Article 4.b. is included in his bankruptcy estate, and it was established at trial that the Debtor is currently receiving all trust income in accordance with this provision. However, determining the Debtor's beneficial interest in the trust's principal in light of the trustee's discretion, as defined by the Consolidated Trust's terms, is the problem presented in this case.

The extent to which a discretionary trust, not directly or indirectly controlled by a settlor, may be reached by the settlor-beneficiary's creditors is not entirely clear under Arkansas law. In all the Arkansas cases the Court reviewed regarding spendthrift trusts, the settlor-beneficiary was the trustee, controlled the trustee or otherwise had control over trust assets. *See e.g., Halliburton,* 28 Ark.App. 314, 773 S.W.2d 453; *Hartman,* 115 B.R. 171; *In re Gillespie,* 269 B.R. 383. However, the Arkansas Court of Appeals has quoted with approval and appears to adopt the Restatement (Second) of Trusts § 156(2), which provides: "Where a person creates for his own benefit a trust for support or a discretionary trust, *his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.*" (Emphasis added.) *See Halliburton,* 28 Ark.App. at 321–322, 773 S.W.2d at 457. Other courts have also followed the Restatement (Second) of Trusts § 156(2) in holding that if the trustee had the discretion to distribute all income or corpus to the settlor, the settlor's creditors could

reach all the trust income or corpus, as the case may be. *See e.g., Shurley v. Texas Commerce Bank—Austin, N.A., et al. (In re Shurley)*, 115 F.3d 333, 340 (5th Cir. 1997) (Court held that settlors' creditors could reach entire trust corpus where trust provided that corpus could be distributed to settlors or other beneficiaries if trust income was insufficient for their maintenance and support.); *In re Robbins*, 826 F.2d 293, 295 (4th Cir.1987) ("[T]he trustee was authorized to apply the entire corpus for the support and maintenance of the settlors, and thus the entire corpus is subject to the claim of their creditors.").[4]

While the Restatement (Second) of Trusts § 156 allows (or at least has been interpreted to allow) creditors to reach all the trust income or corpus that a trustee could distribute to a settlor-beneficiary, there may be a trend in the law (as evidenced by revisions in the Third Restatement of Trusts and holdings in certain tax cases [5]) to require a determination of what the trustee could actually distribute to the settlor-beneficiary in light of his or her fiduciary duties.[6] Section 60 of the Third Restatement of Trusts, Transfer Or Attachment Of Discretionary Interests, provides:

> Subject to the rules stated in §§ 58 and 59 (on spendthrift trusts), if the terms of a trust provide for a beneficiary to receive distributions in the trustee's discretion, a transferee or creditor of the beneficiary is entitled to receive or attach any distributions the trustee makes *or is required to make in the exercise of that discretion after the trustee has knowledge of the transfer or attachment.* The amounts a creditor can reach may be limited to provide for the beneficiary's needs (Comment *c*), *or the amounts may be increased where the beneficiary either is the settlor (Comment f)* or holds the discretionary power to determine his or her own distributions (Comment *g*).

(Emphasis added). Comment *f* provides:

> *Where discretionary beneficiary is settlor.* Where the trustee of an irrevocable trust has discretionary authority to pay to the settlor or apply for the settlor's benefit as much of the income or principal as the trustee may determine appropriate, *creditors of the settlor can reach the maximum amount the trustee,* **in the proper exercise of fiduciary discretion,** *could pay to or apply for the benefit of the settlor.*

(Emphasis added).

The Court could find no Arkansas case citing § 60 of the Third Restatement of

---

**4.** *See also In re Hertsberg Inter Vivos Trust,* 457 Mich. 430, 578 N.W.2d 289 (Mich.1998); *In re Johannes Trust,* 191 Mich.App. 514, 479 N.W.2d 25 (Mich.App.1991); *Greenwich Trust Co. v. Tyson,* 129 Conn. 211, 27 A.2d 166 (1942).

**5.** *See Herzog v. Comm'r,* 116 F.2d 591 (2nd Cir.1941) (relying on New York law and distinguishing the rule established by the Restatement as having been based on cases where the grantor was the only beneficiary or exercised control over undistributed trust income and principal); *In re Estate of Uhl,* 241 F.2d 867 (7th Cir.1957) (distinguishing Illinois statute invalidating self-settled trusts with respect to creditors' claims and holding

that decedent's taxable estate only included so much of trust corpus necessary to generate income stream in which he retained an interest).

**6.** *See* Robert T. Danforth, *Rethinking the Law of Creditors' Rights in Trusts,* 53 HASTINGS L.J. 287, 293–304 (2002) (criticizing the Restatement's traditional rule that allows creditors of self-settled trusts to reach all income or corpus that might be distributed to a settlor-beneficiary because the rule (1) gives creditors broader rights than the settlor has to trust property; and (2) does not take into account the trustee's fiduciary duties to nonsettlor beneficiaries.).

Trusts or otherwise examining a settlor's beneficial interest in a trust in light of the trustee's fiduciary duties to other non-settlor beneficiaries. The Court also found no similar case law from any other jurisdiction (apart from a 1846 case out of New York [7]). Additionally, the cases cited herein for the proposition that creditors may reach all trust assets which may be distributed to the settlor-beneficiary do not discuss the fiduciary duties a trustee might owe to other trust beneficiaries before distributing income or principal to the settlor. *See Shurley,* 115 F.3d 333; *Robbins,* 826 F.2d 293. Accordingly, the Court is not required to follow the Third Restatement of Trusts and consider the trustee's fiduciary duties to non-settlor beneficiaries in this case; nevertheless, the Court will examine what the trustee's fiduciary duties might be in this case, and whether such duties would prohibit or interfere with the inclusion of the Consolidated Trust assets in the Debtor's bankruptcy estate.

■ Arkansas law requires a trustee to deal impartially with all trust beneficiaries, including successive and contingent beneficiaries, and also imposes on the trustee a duty of good faith and loyalty to all beneficiaries of a trust. *See Dickerson v. Union Nat'l Bank of Little Rock,* 268 Ark. 292, 296, 595 S.W.2d 677, 680 (1980) (citing Restatement of Trusts (Second) §§ 170 and 232 (1959)); *Selig v. Morrison,* 230 Ark. 216, 220, 321 S.W.2d 769, 772 (1959).

Accordingly, if the Court is to take into account the trustee's fiduciary duties in determining the Debtor's beneficial interest in the Consolidated Trust, the Court must determine whether the Debtor is the sole beneficiary of the Consolidated Trust.[8] In this case, Debtor is the sole lifetime and only named beneficiary of the Consolidated Trust. He did not retain a testamentary power to appoint trust property. Rather, Article 4.d. provides that if the Debtor dies before all the trust corpus is distributed to him pursuant to the trustee's discretion, the trust property will be transferred to his heirs. Therefore, the only other potential beneficiaries of the Consolidated Trust are the Debtor's heirs who at most have a contingent remainder interest under Arkansas law since their identities cannot be ascertained until his death. *See Steele v. Robinson,* 221 Ark. 58, 61 251 S.W.2d 1001, 1002 (1952). Whether a contingent remainder has been created in Debtor's heirs depends on Debtor's intent as the trust's settlor in creating such an interest. *See* Restatement (Second) of Trusts § 127 ("A person is a beneficiary of a trust if the settlor manifests an intention to give him a beneficial interest ..."), and Restatement (Third) of Trusts § 49 ("[T]he extent of the interest of a trust beneficiary depends upon the intention manifested by the settlor."). In this case, the Debtor did not clearly manifest an intent to create a beneficial interest in his heirs given the lan-

---

7. *See Bryan v. Knickerbacker,* 1 Barb. Ch. 409, 410, 426 (N.Y. Ch. 1846) (stating that on facts of another case, court "would have ruled that the settlor's creditors 'were only entitled to so much of the interest of the trust fund as the trustees should not, in their discretion, think proper to retain and accumulate for the benefit of the ultimate remaindermen.'") (as cited and quoted by Danforth *supra,* at 300).

8. Despite his criticism of the traditional rule found in the Restatement (Second) of Trusts, § 156, Professor Danforth recognizes that the case law supporting the traditional rule often involved situations where there were no beneficiaries other than the settlor, or where the settlor held a testamentary power to appoint the trust property to whomever he or she chose. Danforth, *supra,* at 298–302. Danforth acknowledges that his criticisms do not equally apply in such cases. Danforth, *supra,* at 305–306 ("At least in those cases in which the settlor is not the sole beneficiary and retains no powers of disposition, the traditional rule is both theoretically unsound and based on an inaccurate reading of precedent.").

guage of the trust instrument; rather, the trust property is to be transferred to his heirs only in the event he dies before the trustee exercises his discretion to distribute the trust corpus to him. Furthermore, Debtor testified that the trust was established to centrally manage his property and to protect his property from his own inability to handle his finances; he did not mention any intent to create a beneficial interest in any other person. For these reasons, the Court finds that Debtor is the sole beneficiary of the Consolidated Trust, and the Court need not examine any fiduciary duty owed by the trustee to Debtor's future unascertained heirs as contingent remainder beneficiaries.

Furthermore, even if the Debtor were not the sole beneficiary of the Consolidated Trust, the discretion given to the trustee is very broad. Certainly, the Debtor's medical bills could have been paid by the trustee out of trust principal given the trustee's authority to distribute principal to Debtor on account of his health. Additionally, given the vague nature of some of the other limitations imposed on the trustee, it would be difficult if not impossible for any court to question the reasonableness of a distribution to Debtor under the terms of the Consolidated Trust. Specifically, the trust states that the trustee may make distributions in excess of the stated budget for "transactions outside the ordinary course of business and of distinct consequence" and may distribute principal to the Debtor for "substantial transactions." Other liabilities incurred by the Debtor which are included in his bankruptcy might easily fall within such open-ended descriptions such that it would not be a violation of the trustee's fiduciary duties to distribute trust income or corpus to Debtor to pay these debts.

Finally, the Court finds that too much emphasis on the trustee's fiduciary duties to unnamed contingent beneficiaries negates the public policy supporting the traditional rule allowing creditors to reach a settlor's interest in a self-settled trust. The weight of authority, as cited herein, holds that it violates public policy to place one's property in a trust for one's benefit while sheltering such property from one's creditors. *See e.g., In re Hertsberg Inter Vivos Trust,* 457 Mich. at 434, 578 N.W.2d 289 ("[I]t would be contrary to public policy to allow a person to shelter assets from creditors in a trust of which he is the beneficiary."). While it may be appropriate for the Court to consider a trustee's fiduciary duty to non-settlor beneficiaries where a trust has been at least partially established for such beneficiaries' benefit, it is not appropriate to enforce restrictions on trustee discretion that accrue only to the benefit of the settlor by attempting to shield such property from the settlor himself and thereby his creditors.

For these reasons, the Court finds that Debtor has a beneficial interest in both the income and principal of the Consolidated Trust pursuant to § 156 of the Second Restatement of Trusts, which has been adopted by Arkansas courts, as well as § 60 of the Third Restatement of Trusts.

## CONCLUSION

A spendthrift provision is invalid as to the settlor of a trust; however, the entire trust is not invalid—a settlor's creditors may only reach the settlor's beneficial interest in the trust. In this case, the Original Trust was terminated and the assets transferred to the Consolidated Trust. Accordingly, the Debtor no longer has an interest in the nonexistent Original Trust, and only the Debtor's beneficial interest in the Consolidated Trust is included in his bankruptcy estate. The Court concludes that because the trustee has the power to distribute all trust income and principal to the Debtor, the Debtor has a beneficial

interest in all the Consolidated Trust assets, and accordingly, the entire trust corpus of the Consolidated Trust is included in Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541.

For the reasons explained in this Memorandum Opinion, the *Trustee's Objection to Exemptions* will be sustained by separate order.

**In re Wayne H. SCHULTZ, Jr., Debtor.**

**No. 4:04–BK–20602 E.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 17, 2005.

Richard Cox, Chapter 7 Trustee.

Scott Vaughan, for Debtor.