*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ANTONIA GUALTIERI LIVING TRUST.

LINDA ANTON,

Petitioner-Appellant,

v

MARY ANN GUALTIERI and MARIA CHRISTINE TORRES, Successor Co-Trustees,

Respondents-Appellees.

UNPUBLISHED
March 19, 2019

No. 341816
Macomb Probate Court
LC No. 2016-219737-TV

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Petitioner appeals as of right an opinion and order denying her petition for distribution. We affirm.

This action arises out of petitioner's attempts to obtain compensation for child support and alimony arrearages owed to her by her ex-husband, Charles Anton (Anton). Anton is a beneficiary of the trust at issue herein. Petitioner sought to compel respondents, who are the trust's successor co-trustees, to make income distribution payments to Anton, out of which petitioner could then seek payment of Anton's child support and alimony arrearages.

Petitioner argues that the probate court erred by denying her petition for distribution based on a finding that the trust is a purely discretionary trust, and that she is not entitled to compensation for Anton's outstanding child support and alimony arrearages out of income distributions made to Anton from the trust. We disagree.

This Court "review[s] the . . . interpretation of the trust agreement de novo, as a question of law." *In re Estate of Herbert Trust*, 303 Mich App 456, 458; 844 NW2d 163 (2013). Additionally, "this Court reviews de novo the language used in wills and trusts as a question of law." *In re Estate of Reisman*, 266 Mich App 522, 526; 702 NW2d 658 (2005).

-1-

Petitioner and respondents disagree regarding the type of trust that is at issue herein. Petitioner argues that the trust is a support or spendthrift trust, and respondents argue that the trust is a discretionary trust. "Under a discretionary trust, the trustee may pay to the beneficiary as much of the income or principal as the trustee in his discretion determines to be appropriate." *In re Johannes Trust*, 191 Mich App 514, 517; 479 NW2d 25 (1991). Conversely, under a support trust, "the trustee shall pay so much of the income and such amounts of principal as the trustee deems proper for . . . support, maintenance, and welfare." *Miller v Dep't of Mental Health*, 432 Mich 426, 428; 442 NW2d 617 (1989). Trusts with spendthrift provisions "provid[e] that the beneficiary's interest shall not be transferable or subject to the claims of creditors," unless the spendthrift provision allows ordinary creditors to reach trust assets. *Id*.

The key difference between discretionary trusts, support trusts, and spendthrift trusts, for petitioner's purposes, is that creditors, including petitioner, "cannot compel the trustee [of a discretionary trust] to pay any part of the income or principal in order that the creditors may be paid," *In re Johannes*, 191 Mich App at 517, because "the beneficiary has no ascertainable interest in the assets," *In re Hertsberg Inter Vivos Trust*, 457 Mich 430, 433; 578 NW2d 289 (1998). The opposite is true of spendthrift and support trusts, which allow trust assets to be reached to satisfy creditors, including creditors seeking to satisfy claims for child support and alimony. *Good v Armstrong*, 218 Mich App 1, 7-8; 554 NW2d 14 (1996); see also *Coverston v Kellogg*, 136 Mich App 504, 513; 357 NW2d 705 (1984) (holding that income from spendthrift and support trusts can be used to satisfy claims for child support and alimony).

Petitioner and respondents contest the meaning of the following language from the trust document:

> The Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of CHARLES ANTON as much of the net income from the trust as the Trustee deems advisable for his education, health, maintenance, and support.

> * * *

> The Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of CHARLES ANTON as much of the principal from the trust as the Trustee deems advisable for his education, health, maintenance, and support.

Petitioner argues that the use of the word "shall" in the terms of the trust indicates that the trust is a support or spendthrift trust, whereas respondents argue that the use of the words "sole and absolute discretion" indicate that the trust is a discretionary trust. In support of her argument, petitioner explains that the word "shall" suggests that respondents are mandated to pay income and principal for Anton's maintenance and support. Petitioner states that the provision would be discretionary only if it contained permissive phrasing, such as the word "may," which would more clearly suggest that the trust is discretionary. Petitioner is correct that the word "shall" typically denotes a mandatory provision. *Wilcoxon v Detroit Election Comm*, 301 Mich App 619, 631; 838 NW2d 183 (2013). However the word "shall" is immediately preceded by the words "sole and absolute discretion," indicating that the trust is discretionary.

"A court must ascertain and give effect to the settlor's intent when resolving a dispute concerning the meaning of a trust." *In re Herbert*, 303 Mich App at 458. "[T]he settlor's intent regarding the purpose of the trust's creation and its operation, are determined by examining the trust instrument." *In re Kostin*, 278 Mich App 47, 53; 748 NW2d 583 (2008). This Court is tasked with the responsibility of "attempt[ing] to construe the [trust] instrument so that each word has meaning." *Id*. This Court must examine the trust document as a whole, and carry out the settlor's intent "as nearly as possible." *Id*.

Petitioner asks this Court to ignore all of the signs that would direct it to the conclusion that the trust is discretionary in favor of an analysis that only takes into consideration the function of the word "shall," which implies that respondents are subject to a mandatory directive to make income distributions when read out of context. At several intervals, the trust document states that respondents, as trustees, are permitted to use their "sole and absolute discretion" in applying any part of the trust income or principal for Anton's benefit, indicating that it is a discretionary trust, and not a spendthrift or support trust. The trust document also contains the following provisions, which specifically apply to Anton:

### Guidelines for Discretionary Distributions

To the extent that the Grantor has given the Trustee any discretionary authority over the distribution of net income or principal to [Anton], it is the Grantor's desire that the Trustee be conservative in exercising such discretion.

In making discretionary distributions to [Anton], the Trustee shall consider other income or resources available to [Anton] that are outside of the trust and are known to the Trustee.

It is the grantor's desire that the preservation of principal be a priority for purposes of the trust and that genuine need must be shown by [Anton] before the Trustee shall make a discretionary distribution.

Taken together with the provisions that give respondents the authority to exercise discretion regarding distributions to Anton, it is apparent that the use of the word "shall" was not intended to mandate that respondents authorize income distributions to Anton, from which petitioner could recover child support and alimony arrearages. Instead, it appears that the words "sole and absolute discretion" give respondents the right to use their discretion when deciding whether to make distributions to Anton. Indeed, the trust document consistently states that respondents were intended to have "sole and absolute" discretion to determine whether to make distributions to Anton. MCL 700.7103(d), which defines discretionary trust provisions, also provides support for the contention that the trust is discretionary:

(d) "Discretionary trust provision" means a provision in a trust, regardless of whether the terms of the trust provide a standard for the exercise of the trustee's discretion . . . that provides that the trustee has discretion, or words of similar import, to determine 1 or more of the following:

(*i*) Whether to distribute to or for the benefit of an individual or a class of beneficiaries the income or principal or both of the trust.

(*ii*) The amount, if any, of the income or principal or both of the trust to distribute to or for the benefit of an individual or a class of beneficiaries.

(*iii*) Who, if any, among a class of beneficiaries will receive income or principal or both of the trust.

(*iv*) Whether the distribution of trust property is from income or principal or both of the trust.

(*v*) When to pay income or principal, except that a power to determine when to distribute income or principal within or with respect to a calendar or taxable year of the trust is not a discretionary trust provision if the distribution must be made. [MCL 700.7103(d).]

The trust provisions at issue in this case give respondents discretion to determine whether to distribute the income and principal of the trust to its beneficiaries, including Anton, as contemplated in MCL 700.7103(d). Thus, this Court must conclude that the trust is discretionary. Because the trust is discretionary, creditors, including petitioner, cannot reach the trust assets. *In re Hertsberg*, 457 Mich at 433.

Petitioner also argues that public policy supports the argument that she should be compensated for Anton's child support and alimony arrearages via income distributions from the trust. In support of this assertion, petitioner directs this Court to *Good*, 218 Mich App at 6, in which this Court stated:

The elements of public policy which hold that a father has a legal duty to support his minor children outweigh the public policy that an owner of property may do with it as he pleases by imposing spendthrift restraints on the disposition of income from a spendthrift trust. When the noncustodial parent has the financial means to support and maintain his own children, the source thereof is immaterial. While the duty imposed on the parent must be fair and not confiscatory, the parent's duty to support his children is not limited to his income. In determining the amount of support, in addition to income, all relevant aspects of the financial status of the person obligated to pay support must be considered. [*Id.*, quoting *Malnar v Malnar*, 156 Mich App 534, 537-538; 401 NW2d 892 (1986).]

However, the caselaw cited by petitioner only applies to spendthrift trusts, not to discretionary trusts. Thus, the success of the argument is contingent on this Court's agreement that the trust in question herein was a spendthrift trust. Accordingly, because the trust is a discretionary trust, and not a spendthrift trust, petitioner's argument must fail.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause

-4-